GEORGE H. STRICKLAND, Executor, v. CITY OF STILLWATER.[1]

November 27, 1895.

Nos. 9465—(41).

**Municipal Improvement—Assessment—Abutting Property.**

The plaintiff owned several lots fronting upon South Broadway street, in the city of Stillwater, one of said lots being her homestead. These lots have a frontage of 50 feet each upon said street, which extends beyond them in each direction several hundred feet, and connects with other streets. The city council adopted a plan for grading parts of these several streets, which included that part of South Broadway in front of plaintiff's lots, and extending beyond the same in each direction. The assessment was made by the city for such purpose, and included plaintiff's property and all other property benefited by such grading. The provisions of the charter are broad enough to authorize an assessment for benefits upon all of the property specially benefited, although not abutting on the improvement. The plaintiff's property was assessed by the frontage method, for benefits, $159.61, which she paid to the city, and it has retained the same. In 1889 and 1890 part of the contemplated grading was done, but none of it in front of the plaintiff's property; South Broadway, however, being graded from one direction nearly up to the plaintiff's property. The city abandoned making any further improvement, and plaintiff sued it for the sum so assessed and paid, and recovered judgment for the whole amount, upon the ground that her property had been assessed upon the basis of

[1] Reported in 65 N. W. 131.

frontage, and, no grading having been done on the street in front of her abutting property, she was entitled to recover the whole sum paid by her as benefits. *Held* error; that, although her property was so assessed, yet, it being done in pursuance of a general undertaking or plan which included an assessment upon all property benefited by such improvement within the limits of such plan or general undertaking, she might have been benefited by such grading done in part, although none of it was done directly in front of her property, and if so her property was liable for the amount of such benefit, whatever it might be, and that whatever sum she was entitled to recover, if any, would be the difference between the actual benefits added to her property by the grading as an entirety, so far as done, and the sum which she was so compelled to pay said city of Stillwater.

Appeal by defendant from a judgment of the district court for Washington county, in favor of plaintiff, as executor of the last will of Mary H. Bromley, deceased, in whose place he was substituted as plaintiff, entered in pursuance of the findings and order of Williston, J. Reversed.

*H. H. Gillen*, for appellant.
*Thomas Lecky*, for respondent.

BUCK, J. The charter of the city of Stillwater does not require that the assessment made for paying the expense of grading streets shall be made upon the basis of an equal sum per front foot upon each lot or parcel, measuring along the line of such improvement, but the provisions in the charter are full and broad enough to authorize such a method of assessment, and it also authorizes the making of an assessment generally upon all of the property benefited by the improvement. In either case the assessment must include all of the property benefited by such improvement, and if, as in this case, the method of assessment adopted was one of frontage, it must be deemed to have included the entire property so benefited.

At the time of the assessment Mary H. Bromley was the owner in fee of the south part of lot 12, the whole of lots 13 and 14, and the north half of lot 15, in block 29, in the city of Stillwater, and she resided upon said lot 14, as her homestead; the other lots adjoining and being appurtenant to said lot 14, all thereof constituting one property. There is a street in said city of Stillwater known as "South Broadway," which extends in a northerly and southerly di-

rection along the east side of block 29, the entire length thereof, a distance of more than 300 feet, and extends in a southerly direction from the southeast corner of said block, beyond it about 800 feet, to Hill street; and Hill street extends from said junction southeasterly about 250 feet, to its junction with Sixth avenue. The streets are 66 feet or more in width, and each of said lots has a frontage upon South Broadway of 50 feet. The assessment is based upon a general undertaking of the city council to grade South Broadway, Hill street, and a part of Sixth avenue, which included the street in front of and adjoining the lots so owned by Mary H. Bromley. The amount levied and assessed upon the premises so owned by the plaintiff, as benefits, amounted to $159.61, which she duly paid May 31, 1889; and eventually it was placed in the treasury of said city, and it has been retained by or used by the same. The city did not grade or improve the street in front of the plaintiff's property, but abandoned the making of such grade and improvement, and thereupon she brought suit to recover the money so paid; and, upon a trial before the district judge without a jury, she had judgment for the amount claimed.

The city, however, did in 1889 and 1890 cause a part of the work to be done in the making of such improvement. The plaintiff's premises are situate north of, and not far from, a street in said city known as "Pine Street"; and the city did not at any time make any improvement on that portion of the street known as "South Broadway," which is situate north of said Pine street, and no part of said South Broadway so situate has in any manner been graded by said defendant, although it was included in the general undertaking of said city to grade and make such improvement, as hereinbefore stated, for which improvement so to be made she paid her money. Possibly she has a cause of action against the city for its neglect and refusal to make the contemplated improvement, and, conceding this to be so, yet the judgment must be reversed because of the erroneous measure of damages adopted by the trial court, in allowing her the total sum paid by her as benefits.

If the law expressly provided that the assessment for the contemplated improvement should be assessed exclusively upon property fronting on the improvement, and she had paid her assessment accordingly, and the city had neglected or refused to grade and im-

prove in front of her property, she would have a remedy against the city for the amount so paid. In making the assessment for those parts of the streets so to be graded, neither the plaintiff's lots nor the lots of the other owners were segregated because of special benefits being apportioned to them, but the specific property of each owner was assessed a specific sum, because that sum was part of the general benefit which each of such owners derived from one general improvement upon all of the streets to be graded within a certain territory, and within which the plaintiff's property was situate. It was competent for the city to include parts of several streets in one general plan of assessment for grading the same, and to levy an assessment upon the abutting property, if, in the discretion and honest opinion of the official body having jurisdiction of such matters, that could be fairly and equitably done, so that each piece of abutting property should be proportionately assessed according to the benefits it derived from the grading and improvement of the streets as an entirety. This is what we understand was done in this case. The assessment was not made simply because of the benefits to the plaintiff's lots from that part of the improvement in front of her lot, but for the reason that the amount so assessed, which she paid, was her pro rata share of the benefits from the entire improvement. We say this upon the assumption that her lots might have been benefited by fronting upon a street part of which was graded and embraced within the territory which the city determined to grade, and which it did in part grade, although not in front of her property. Property fronting upon a street may be benefited more or less by the street being graded upon one or both sides of it, although not directly in front of such abutting property. If the plaintiff enjoyed a benefit from such grading, although not directly in front of her property, she should bear a just proportion of the costs of the whole improvement.

It nowhere appears what it would cost to grade the street in front of the plaintiff's property,—whether one dollar, or the total amount which she paid. Suppose it would actually cost one-half, or any sum less than the sum assessed against her property and paid by her, to grade the street according to the plan and general undertaking; could she recover back the difference between such actual cost and the sum assessed against her property, as the amount the property

was benefited by the improvement? If not, it must be for the reason that her property would in such case be benefited generally to some extent by the improvement of the entire property situate within the plan adopted. There might be well-graded streets near or adjoining her property, adding greatly to its value, while the grading in front of her property might cost but a nominal sum; yet, according to her contention, she could only be compelled to pay such sum, no matter how much such property might be benefited by the entire improvement. There might and probably would be injustice in such a method of assessment. Hence she is not entitled to recover from the city the whole amount paid by her, as alleged in her complaint, unless she can show that the improvement actually made upon all of the streets did not benefit her at all, and not because the city merely neglected to grade the street in front of her abutting property. While she must contribute towards defraying the public expenses in making the improvements, so far as actually made, she must also respond for such actual benefits as are thereby added to her property, and, whatever the amount of such benefit, it should be deducted from the assessed amount she was compelled to pay; or, in other words, the benefits, if any, which have accrued to her property by the improvements, so far as the same are actually made, should be charged against her, and, if they do not amount to the sum so assessed against her property and paid by her, then the difference would be the measure of the amount of her recovery, if she is entitled to recover at all. While this rule for estimating the amount which the plaintiff would be entitled to recover may not be strictly logical, yet, in view of the difficulty surrounding its proper adjustment, it seems to be the only practical way to determine the matter, and we therefore adopt it as the law of this case.

Judgment reversed.