EDWARD G. ROGERS and Another v. CITY OF ST. PAUL.

January 24, 1900.

Nos. 11,908—(180).

|  |  |
|---|---|
| 79 | 5 |
| o79 | 33 |
| 79 | 5 |
| e86 | 100 |
| f86 | 101 |

## Assessment for Local Improvement.

The city of St. Paul, in 1891, instituted proceedings to grade East Third street from Earl street to the east city limits. Assessments were levied upon abutting property upon the rule of benefits. A contract was let for the improvement, and a great deal of work performed at different points, but the street was left for some distance to the west of plaintiffs' property in a less passable condition than before, and access to said property from the heart of the city was cut off by failure to complete the work. Plaintiffs' property was assessed in the sum of $4,706.94, and in default of payment the premises were sold to a third party for the amount due. After the work mentioned was performed, the defendant, on September 27, 1893, rescinded the grading contract. No more work was done towards completing the improvement. The plaintiffs' property was not benefited by the work as done.

## Complaint Defective.

*Held*, in an action brought by the property owners to recover from the city the money so received, it not appearing from the complaint that all of the money accruing from the assessment had not been expended upon the improvement, that the complaint (setting up the above-mentioned facts) does not state a cause of action.

## Sale of Property for Assessment.

*Held*, conceding the complaint to be otherwise sufficient, the fact that the property had been sold by the city to satisfy the assessment did not deprive plaintiffs of their right of action.

Appeal by defendant from an order of the district court for Ramsey county, O. B. Lewis, J., overruling a demurrer to the complaint. Reversed

*James E. Markham* and *Franklin H. Griggs*, for appellant.

Even assuming that plaintiffs had paid the assessment, they cannot recover except upon a showing that the money has not been devoted to the purpose for which it was raised, but that it still remains in the city's treasury. The court in McConville v. City of St.

Paul, 75 Minn. 383, did not have its attention drawn to the determining fact, that the money raised by assessment to defray the expenses of the improvement had all been expended in that undertaking. This is a most important consideration in the case at bar. In none of the decisions on which the court based its holding in Valentine v. City of St. Paul, 34 Minn. 446, which was followed with certain modifications in Strickland v. City of Stillwater, 63 Minn. 43, and in the McConville case, was there an instance where a valid assessment was required to be refunded. These decisions are Bradford v. City, 25 Ill. 411; Falls v. City, 58 Ill. 403; Mayor v. O'Callaghan, 41 N. J. L. 349; Peyser v. Mayor, 70 N. Y. 497.

Under the provisions of a charter like that of St. Paul, and in a jurisdiction where assessment proceedings are not in pais, as they are in most states, the reason for the rule laid down in the foregoing cases and distinctly approved in the Valentine case is of extreme importance. Properly applied it leads to this: When the municipal authorities of the city of St. Paul levy an assessment of benefits to defray the expense of an improvement, the money paid into the treasury in those assessment proceedings is in the nature of a fund which is held in trust by the public and which is devoted to a specific purpose from the accomplishment of which it cannot be diverted. Equity would interfere by injunction to prevent its diversion or by mandamus to compel its proper application, and to insist upon the accomplishment of the purpose to which the fund had been devoted.

If a fund charged with a trust, such as suggested, is in the hands of the municipal authorities, and they refuse or neglect to apply it to the purpose of the trust, by abandoning the improvement for which it was raised, they can be compelled to restore the fund to those by whose contributions it was made. If, however, the fund is no longer in existence, but has been properly expended in an honest endeavor to complete the improvement in contemplation of which it was raised, the municipality is not liable in an action for money had and received as for a failure of the consideration of the various assessments,—and such is the case at bar, even assuming that the money which plaintiffs are endeavoring to reach was contributed by them and not by some one else. Nor is this view of the

law applicable to the case at bar at all in conflict with Valentine v. City of St. Paul, supra.; Strickland v. City of Stillwater, supra.; or even McConville v. City of St. Paul, supra; it is rather supported by those cases. If the fund has not been expended, it is for the plaintiffs here to show.

In any event plaintiffs cannot recover, for the reason that they have suffered no injury. The plaintiffs do not appear before the court as owners of property along the line of the proposed improvement who have paid an assessment of benefits levied to defray its cost. Plaintiffs are not entitled to recover the amount paid to the city treasurer by Heyderstaedt until they have taken whatever steps may be necessary to protect the city from a further liability to Heyderstaedt himself for the same money which they seek to recover. The court will not adjudge that defendant is liable to plaintiffs for what it received from Heyderstaedt, until plaintiffs have shown some interest in his payment; as that the payment was made by him for their use, or that he was their agent in making the payment. Something must be done by them towards showing that they, and not he, are the real parties in interest.

*H. J. & A. E. Horn*, for respondents.

The case is ruled by McConville v. City of St. Paul, 75 Minn. 383, which appears to have been based upon the equitable right of the owner of the property to claim the amount paid for the assessment, as upon a failure of consideration. It is immaterial, however, whether the city has used the money or not. The ground upon which the city received it was that plaintiffs had been benefited, or would be benefited upon the completion of the improvement, to the amount of the money received by the city. The special benefits which plaintiffs would have received, if the improvement had been completed, are essential to the right of the city to make the assessment on plaintiffs' property. Norwood v. Baker, 172 U. S. 269, 279; Pimental v. City, 21 Cal. 352, 362; Newman v. Board, 45 N. Y. 676; Prichard v. Budd, 42 U. S. App. 186; Colville v. Besly, 2 Denio, 139, 142.

In assessment cases, especially where the assessment is enforceable by a judgment, the party whose property is assessed does not

consent thereto merely by paying the assessment, or in other words, such payment is not voluntary. Plaintiffs have not forfeited their right to recover by reason of not having redeemed from the sale. The city has no ground of complaint on this account, because it has already collected the money for the assessment, and a redemption by plaintiffs would not have been a payment to the city on the assessment. Such redemption money would be held by the city, as trustee, to pay the same over to the purchaser at the sale, and the city had no interest in the matter. Heyderstaedt has apparently no ground of complaint, because he purchased the property voluntarily at the sale, and by this time has the right to an absolute title. His position is different from that of plaintiffs. He was a volunteer. Neither is the fact that the plaintiffs may have allowed the sale to become absolute, instead of redeeming, material. They are suing for the money which was made out of their property. Their recovery cannot affect the title of Heyderstaedt or his rights. The rule of caveat emptor applies to him, and he can claim nothing from the city but the title acquired at the sale. 2 Desty, Taxn. 850; Lynde v. Inhabitants, 10 Allen, 49; Churchman v. City, 110 Ind. 259; Pennock v. Douglas, 39 Neb. 293.

There being no obligation, in the absence of the statute, on the part of a municipality to refund money received from a volunteer purchaser at a void sale, there would be no obligation to refund money paid at a valid sale by such a purchaser, who has acquired a good title to the property sold, though his speculation is not as profitable as he anticipated by reason of the failure of the city to complete the improvement. The city has not executed to Heyderstaedt any warranty or guaranty that it would prosecute or complete the work. The only remedy of the certificate holder, given by the statutes, is where the deed and certificate of sale are set aside in a judicial proceeding. Sp. Laws 1887, c. 7, § 50, as amended by Sp. Laws 1889, c. 32. Heyderstaedt has no right against plaintiffs to compel them to redeem from the sale, or to pay him back his purchase money, nor have plaintiffs any rights or remedy against Heyderstaedt. Plaintiffs were justified in delaying suit, so as to give the city time to complete the improvement, if so disposed. McConville v. City of St. Paul, supra.

LEWIS, J.

The complaint, in substance, alleges that on August 18, 1891, the defendant instituted proceedings, for condemning and taking an easement in the land abutting on East Third street from Earl street, a mile and a half west of White Bear avenue, to the east city limits, a total distance of two and a half miles; that this easement was deemed necessary for the construction of cuts and fills in grading East Third street for this entire distance, the easterly mile of which had not been opened as a street until January 20, 1891; that this grading had been ordered as a single improvement; that the expense of the same was estimated and ordered to be assessed as a single improvement upon the property benefited, as provided by law; that, in pursuance of such proceedings, on March 29, 1892, a contract was duly entered into between said city and Keough & Donnelly to do the entire work by October 31, 1892, for the sum of $47,000, and to meet such cost an assessment according to benefits was made upon the abutting property, including the property of plaintiffs; that plaintiffs' property was assessed in the sum of $4,706.94; that thereupon judgment was rendered, and entered in the district court for said sum, with interest and costs, and that said property of plaintiffs was duly sold on August 1, 1892, to F. V. Heyderstaedt, for the sum of $4,754.50, which amount was paid by said Heyderstaedt into the treasury of said defendant, and that said defendant ever since has had the full benefit of said payment and money; that said contractors commenced said work approaching a point between Clarence and Flandrau streets, a considerable distance west of White Bear avenue, and in the vicinity of plaintiffs' property; that between Clarence street and Birmingham street, which streets intervene between Earl and Flandrau streets, there was a deep hole, with gradually sloping approaches, before said contractors began work at that point, and that at another point in that vicinity there was a high bank, which it was possible to traverse; that the contractors did some work upon this hole and embankment, but left it in a worse condition than they found it, thereby rendering plaintiffs' property impassable by that street from the west; that no work whatever was done east of Flandrau street, and that the effect upon plaintiffs' property was a damage instead

of a benefit. The complaint further alleges that said contract with Keough & Donnelly was rescinded by the defendant on September 7, 1893, and that said work and improvement was never resumed or completed, and has been permanently abandoned by defendant;

"That, had said improvement been completed as projected, access to plaintiffs' property from the center of St. Paul to the east city limits would have been secured therefrom, and said property would have been benefited thereby to the amount of the assessment imposed thereon as aforesaid."

To this complaint the defendant interposed a demurrer upon the ground that it did not set forth a cause of action. Demurrer overruled. Defendant appeals.

The plaintiffs place their right to recover distinctly upon the ground of a failure of consideration, and rely for their authority upon three decisions of this court, viz., Valentine v. City of St. Paul, 34 Minn. 446, 26 N. W. 457; Strickland v. City of Stillwater, 63 Minn. 43, 65 N. W. 131; McConville v. City of St. Paul, 75 Minn. 383, 77 N. W. 993.

In the Valentine case the assessment had been levied upon the plaintiff's property to defray the expense of grading a street, and he had paid the amount into the city treasury. Thereafter the proceedings were enjoined by the court, and the whole scheme abandoned. No work whatever was done towards carrying out the improvement, and the city retained the money. The court held that the effect of abandonment by the city of the project for and on account of which only the assessment had been made was that the consideration of the assessment wholly failed, and that an action would lie as at common law for money had and received.

In the case of Strickland v. City of Stillwater the city began proceedings for an entire improvement to grade parts of three streets, including that part of a certain street in front of plaintiff's property. An assessment of $159.61 was levied upon plaintiff's property in accordance with the rule of benefits, to meet the cost of the general expense. For some reason the city abandoned the grading of the street in front of plaintiff's premises, but completed the improvement otherwise. The plaintiff sued to recover the entire amount of the assessment which she had paid into the treasury.

The trial court rendered judgment in her favor for the full amount, but the judgment was reversed in this court upon the ground that the plan of improvement was a general scheme, and it did not follow that, because the grading was not done in front of plaintiff's premises, she was not benefited by the improvement at other points; and hence, if she could recover at all under such circumstances, the measure of damages would be the difference between what she paid and her actual benefits accruing from the work as done. While the opinion discusses at some length the possible rights of parties under such conditions, we need only to ascertain the true grounds upon which the decision rests. The rule of damages adopted by the court below was manifestly wrong, but whether, under the facts presented in the record, plaintiff could recover upon some other rule of damages, we are not called upon to decide.

There are a few facts, however, appearing in that case which must be emphasized, and which clearly distinguish the case from the one before us. First, in the Strickland case the improvement was completed except in front of plaintiff's property, a distance of about 300 feet; second, that the cost of so completing the improvement was decreased presumably in the amount of the sum assessed against plaintiff's property; third, an amount equal to the sum paid by plaintiff was retained by the city in its treasury. Upon this state of facts possibly the plaintiff might recover as for a partial failure of consideration.

The controversy in the case of McConville v. City of St. Paul grew out of the same improvement as is involved in the case now under consideration. In that case the plaintiff, who was the owner of lots abutting on Third street east of Clarence street, paid into the city treasury the amount of the assessment, and, after the work was abandoned, brought suit to recover it, relying upon the authority of the Valentine and Strickland cases. While this court sustained a judgment in his favor, we think that the facts presented in the record, and the facts assumed and conceded to be before the court, make the case quite different from the one presented by the complaint in this action. It appears from the record in the McConville case that the grading had been completed from Earl street east to within a short distance of Clarence street; that the plain-

tiff's property was situated about one-half mile east of Clarence
street; and that the city left the street between said points in such
condition as not to permit of travel. The court rests its decision
upon the authority of the Strickland case, and it appears from the
opinion that the facts were assumed to be similar. The court as-
sumed that the city had abandoned that part of the work east of
Clarence street, and could not have referred to the part west of that
point, because the record showed as stated that the work was com-
pleted to Clarence street. Again, it was assumed or conceded, if
it does not appear from the record, that the money paid in by the
plaintiff was still unexpended, and was retained by the city. In
this respect the following language is used in the opinion:

"And with commendable forbearance he waited nearly six years
for the city to complete its work after obtaining his money in Au-
gust, 1892, which it keeps without the slightest evidence of its in-
tent to complete its work of grading and improving the street
named."

Whatever may have been the actual fact, it is apparent that the
decision of the court in the McConville case was based upon the as-
sumption, justified by the express or implied concession of counsel
on the argument of the case, that the city, having received and re-
tained the plaintiff's money, abandoned the further prosecution of
the proposed improvement. This brought the case within the prin-
ciple of the Valentine and Strickland cases.

We now come to the complaint in this action, and we find that
it does not appear that the work was completed to Clarence street,
and the exact position of plaintiffs' property is not stated. It ap-
pears that work was done in a general way along East Third street
approaching Clarence street, and that the street was rendered im-
passable to plaintiffs' property by the acts of the city in partially
executing the work, and then abandoning its further prosecution.
It does not appear whether any work was done in front of plaintiffs'
property. On this state of facts we would not be justified in hold-
ing that the city had abandoned that part of the work east of Clar-
ence street, as distinguished from the other part. Again, there is
no allegation that the money realized on the sale of plaintiffs' prop-
erty was not expended on the improvement. There are some gen-

eral statements in the complaint to the effect that the defendant retained and refused to pay plaintiffs the money received on the sale, but, when taken in connection with the fact that a large part of the work was done, and no cause for the abandonment being assigned, these statements are too indefinite, and do not amount to an allegation that the money had not been so expended. It would be immaterial, if the city were otherwise liable, whether it retained the money in its treasury, or diverted it to some other use. Defendant could not render itself liable to an action for money had and received by abandoning the improvement, and not expending the money, and then shield itself by using it for some other purpose. The plaintiffs have their right to recover upon the authority of the cases mentioned, if the facts alleged are the same. They have followed the complaint in the McConville case, and have argued and submitted the case upon the supposition that the facts are identical, yet it appears that the facts are not the same.

We are then met with this question: Can plaintiffs recover, assuming that the city did not complete any special part of the work, —did not abandon any special part as distinguished from the whole,—but expended the money, so far as collected, upon the general improvement, leaving the whole incomplete? We think not. Under such circumstances the mere stopping of work because the money had been expended would not confer upon lot owners the right to recover the money paid. So far as appears from the complaint, this money may have been used in the undertaking, and, whatever remedy plaintiffs might have, there is no relief upon the ground of a failure of consideration.

While the questions already discussed dispose of this case, another claim of defendant is presented for decision with a view to a possible amendment of the complaint. It is this: That the plaintiffs cannot recover in any event, because they are not the parties in interest, and have suffered no injury. This assertion is based upon the fact of the sale of the premises in question by the city to Heyderstaedt. Appellant contends that, because plaintiffs suffered the premises to go to a sale, and did not redeem, they have not paid any money on the assessment, and that, whoever else may recover, plaintiffs cannot. We do not so hold. The law provides that the amount of the judgment shall be a first lien upon the premises.

The plaintiffs may pay the money, or permit their property to stand subject to the lien, or be absorbed in payment of it. In either case they pay the amount. And the purchaser at the sale does not succeed to their rights. We need not here decide what the rights of a purchaser would be. The question is not directly involved. But we assume that in no event could a purchaser recover his money except upon the same state of facts as would give lot owners the right, and the city is not called upon to pay the money twice. Under such conditions it is possible that a purchaser might recover as for a failure in part of the consideration, growing out of the implied contract on part of the city to complete the work, and expend the money, presumably for the benefit of the premises. Whatever be the legal remedy of the purchaser, if any, he has not succeeded to plaintiffs' claim, and the positions of the two are not inconsistent.

It is suggested that plaintiffs must redeem before they can maintain this action. In case of redemption the money would go to Heyderstaedt, and the city would act only as the agent to pay it over, and the only effect such action would have upon plaintiffs would be to change the nature of the payment by substituting the money in place of the lot. In either case the city would receive the money, and the plaintiffs pay it.

The order is reversed.