GERMANIA BANK v. CITY OF ST. PAUL.

January 31, 1900.

Nos. 11,813—(171).

| 79 | 29 |
|----|-----|
| 86 | 100 |

## Assessment for Local Improvement—Recovery by Lot Owner.

The owner of municipal property, upon which valid assessments have been made for the purpose of a general scheme of improvement, as the laying out and grading of streets, may, in case of a failure on the part of the city to finish its work and an abandonment of the same, recover his share pro tanto of the sum so unexpended, in an action for money had and received. McConville v. City of St. Paul, 75 Minn. 383, followed.

## Same—By Purchaser of Certificate of Sale.

Whether the purchaser of the tax certificates at a tax sale stands in the same position as the lot owner, so far as his right of recovery is concerned, quære.

## Complaint Defective upon Demurrer.

But such purchaser cannot recover in this case, for the reason that it does not appear that the money paid for the improvement by such certificate holder has not all been legally and honestly expended in the general scheme of the improvement, even though the particular lot on which the tax was imposed was not benefited by its expenditure.

Action in the district court for Ramsey county to recover $5,270.-44 with interest, the amount of certificates of sale of real estate sold pursuant to judgment entered in the matter of a special assessment levied by defendant city. From an order, Kelly, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

O. E. Holman, for appellant.

The purchase at the tax sale is a contract. It is made under the law as it then exists, and upon the terms prescribed by the law. Cooley, Taxn. (2d Ed.) 545; Fleming v. Roverud, 30 Minn. 273, 275. The legislative enactments and the various proceedings taken by defendant up to the sale and assignment of the certificates to plaintiff created certain implied obligations and promises on which the purchaser or the assignee of the certificates had the right to rely and which defendant was in good faith required to carry out. The purchaser had the right to expect that the improvement would be com-

pleted as contemplated and that the property would be benefited to the extent of the assessment levied. When the city abandoned the improvement and failed to give this property any benefit whatever, the consideration for the assignment of the certificates of sale to the plaintiff wholly failed. Bradford v. City of Chicago, 25 Ill. 411; Valentine v. City of St. Paul, 34 Minn. 446, 448; Falls v. City of Cairo, 58 Ill. 403; McConville v. City of St. Paul, 75 Minn. 383; Brand v. Williams, 29 Minn. 238, 239; Strickland v. City of Stillwater, 63 Minn. 43, 44; Pimental v. City of San Francisco, 21 Cal. 352, 362; City of San Antonio v. Peters (Tex. Civ. App.) 40 S. W. 827; Lawton v. Howe, 14 Wis. (241) 261; Reilly v. City of Albany, 112 N. Y. 30, 42; Colville v. Besly, 2 Denio, 139, 142; Claflin v. Godfrey, 21 Pick. 9; Louisiana v. Wood, 102 U. S. 294; Dillon, Mun. Corp. § 460.

The purchaser of the certificates at the expiration of the time of redemption was entitled to a deed conveying to it the premises sold and unredeemed. The city was impliedly bound not to take any steps or do any act after the sale and assignment of the certificates which would interfere with the purchaser's right to the conveyance of the property sold. When the city abandoned the improvement, the property owner became entitled to a decree of court freeing his property from the cloud of the assessment proceedings, judgment, and certificates of sale, upon the grounds that as to him the consideration for the assignment, judgment, and sale had wholly failed. Roberts v. First Nat. Bank, 79 N. W. 1049; Chapman v. City of Brooklyn, 40 N. Y. 372, 381. An examination of the records, however, could not have disclosed any intention on the part of the defendant to abandon the improvement. Ever since the abandonment the property owners had the right to the removal of the cloud placed upon their property by the assessment proceedings, judgment, and certificates of sale. Valentine v. City of St. Paul, supra. The property owners had 15 years after expiration of the time of redemption to bring action to remove the cloud of the judgment and sales. State v. Norton, 59 Minn. 424. Flanagan v. City of St. Paul, 65 Minn. 347, is not applicable. See Merchants R. Co. v. City of St. Paul, 77 Minn. 343.

Assuming that the rule caveat emptor has been adopted by this

court, it cannot be applied to the facts of this case. Cooley, Taxn. (2d Ed.) 475; Merriam v. County of Otoe, 15 Neb. 408; Budge v. City of Grand Forks, 1 N. D. 309; Pennock v. Douglas, 39 Neb. 293.

*James E. Markham* and *Franklin H. Griggs*, for respondent.

Plaintiff is in the position of a mere volunteer to whom the rule of caveat emptor applies. Black, Tax Titles, § 463; Cooley, Taxn. (2d Ed.) 476, 546; 2 Desty, Taxn. 850; Pennock v. Douglas, 39 Neb. 293; Lynde v. Inhabitants of Melrose, 10 Allen, 49; Merriam v. County of Otoe, 15 Neb. 409; Budge v. City of Grand Forks, 1 N. D. 309; Hargous v. Stone, 5 N. Y. 73, 80; Wright v. Hart, 18 Wend. 449, 452; 2 Blackstone, Com. 451; 2 Kent, Com. 479.

Whether the rule of caveat emptor applies or not, plaintiff is in no position to recover so long as the validity of the certificate held by it remains unquestioned. If plaintiff can recover at all, it must be under the provision for refundment contained in the municipal code which authorized the issuance of the certificates. If plaintiff is ever entitled to recover the amount paid by it for its certificates, it will be because Sp. Laws 1887, c. 7, subc. 7, tit. 1, § 50, as amended by Sp. Laws 1889, c. 32, aids it to recover, and only in the event that the certificates it holds shall be set aside. Flanagan v. City of St. Paul, 65 Minn. 347; Merchants R. Co. v. City of St. Paul, 77 Minn. 343. Even if the provisions of the charter authorizing the refundment are inapplicable, the plaintiff cannot recover until its certificates have been shown to be worthless. State v. Olson, 58 Minn. 1.

If plaintiff has sustained any injury, equity will not come to its assistance, because it has neither appealed to it in time, nor is it willing to do equity. Whatever injury plaintiff may have sustained, it has lost its remedy by laches. Plaintiff will not be granted a rescission of the contract and the return of the consideration paid, except upon the condition that the certificates shall be returned to the city

LOVELY, J.

This action was brought to recover $5,000 and upwards, the amount of several certificates of sale of real estate sold pursuant to tax judgments of the district court of Ramsey county. The lands

in question were bid in by the respondent, and the certificates issued thereon assigned to the Germania Bank, upon an assessment legally made for the opening, widening, etc., of East Third street, in the city of St. Paul, from White Bear avenue to the east city limits.

The complaint, upon the sufficiency of which this contention arises, sets out fully all the steps taken in carrying out the improvement, and shows that the proceedings were valid and regular to acquire title by tax sale of the lots described in the complaint, which were subject to assessment and sale therefor; also that certificates were duly issued to the city on the sale of such lands, and afterwards were assigned by the city to appellant, which now in this suit seeks to recover the amount paid for such certificates, with interest thereon. The complaint further alleges that the city had acquired full right to make the improvement throughout its whole extent; that it had contracted for the completion of the same, but, before it had in fact completed the enterprise, it ceased its work, and wholly abandoned the projected improvement; and that the lands described in the certificates (except a few lots in another subdivision) are left inaccessible, and that none of the lots are practically benefited by what had been done. It is further claimed that plaintiff bought the certificates in good faith, believing that the city would complete the entire improvement; that, by reason of the facts above set forth, the consideration for the certificates has wholly failed; that the bank, in equity and good conscience, ought to have the money paid by it for the same returned, and therefore brings this suit.

To the complaint the city interposed a demurrer, challenging its sufficiency to state a cause of action; which demurrer was sustained by the learned court below, principally upon the ground that, the city charter of St. Paul having provided "that in any action heretofore or hereafter commenced in which the validity of a deed * * * is brought into question, and, on account of any irregularities, the same shall be set aside," the lienholder may recover the amount paid, with interest (Sp. Laws 1887, c. 7, subc. 7, tit. 1, § 50, as amended by Sp. Laws 1889, c. 32), and that under the authority of Flanagan v. City of St. Paul, 65 Minn. 347, 68 N. W. 47, the remedy by the

lienholder was limited only to cases where the lien had been first set aside. The trial court also held that under the rule of caveat emptor, which was applied to this transaction, the purchaser assumed all risks, and took the certificates without warranty of any kind.

The order sustaining the demurrer is now brought by appeal into this court, and the question which we have to dispose of is whether the complaint states a cause of action, and whether the assignee of the city can, upon the facts above set forth, recover back his money.

It is not claimed by appellant that it could have its certificates cancelled for irregularities under the law referred to; for there were no irregularities from assessment to sale, all proceedings were duly and legally conducted, and counsel for appellant conceded on the argument that such statute could not be open as a remedy to the bank in any event. We concur in this view, and, if the statute referred to is to be looked to for the only remedy, it surely affords none, for the manifest reason that the tax proceedings have not and could not be set aside for irregularities. Neither do we think that the doctrine of caveat emptor applies to the assignee, since, for the same reason, there were no defects in the proceedings preliminary to the tax judgment and sale, and no question of title is in dispute.

Appellant goes further in its claims than the remedy in the charter, and contends that when it paid its money to the city for a local improvement which was to benefit the property upon which it was to be expended, and likewise under the assurance that it would be so expended, the city could not abandon this work without paying back the money to the source from which it was obtained, which would, in effect, operate to cancel the certificates. Much force is given to this contention by the recent decision of this court in McConville v. City of St. Paul, 75 Minn. 383, 77 N. W. 993, following and affirming Valentine v. Same, 34 Minn. 446, 26 N. W. 457, and Strickland v. City of Stillwater, 63 Minn. 43, 65 N. W. 131. These cases have been fully considered, and their effect clearly pointed out, in the opinion of Justice Lewis in the case of Rogers v. City of St. Paul, supra, page 5, presented and considered at the same time with this case, and it is not necessary to review them here further than to say that the result of these cases is to the effect

that lot owners who have paid money into the city treasury on valid assessment for local improvements, where the city does not make the improvements, but totally abandons the work, and retains the money, can recover back the same, or so much thereof as it retains. We affirm this principle. It rests upon the highest equitable grounds, and the reasons for it have been so fully considered in the cases referred to that we need take no further time to express our views in that respect.

If this appellant were the owner whose land had been sold, and it appeared that the money the city had received was wholly or partly unexpended, and that the city declined to perform any further work upon the improvement, its right of recovery of the same, or its share pro tanto, would, in our view, be unassailable. But the assignee of the certificates—the Germania Bank, in this case—is not the lot owner, as in cases referred to, and whether its relation to the property covered by the tax lien is such as to identify it with the work of improvement sufficiently to give it an interest in the expenditure for the improvement, and a cause of action for the abandonment of the work, when the money it has contributed is still unexpended, is a question upon which we do not pass at this time, since we are clear that the order of the court below should be affirmed upon grounds that are in harmony with the theory of McConville v. City of St. Paul, supra, and the previous cases considered therein.

It appears from the complaint in this case that before the entire work was completed, according to the general plan of the improvement, it was abandoned by the city, and that the lot upon which the certificates were placed received no benefit from such work. But this entire improvement must be considered, with reference to this view, as a unit, and, for all that does appear in the complaint, the money realized from the sale to the Germania Bank might have been honestly expended in furtherance of the enterprise for which it was received. If such were the case, it is not clear to us how either the lot owner or the assignee of the certificates could recover in an action for money had and received as for a failure of consideration, or upon any other equitable ground, unless it be held that, in all works of local improvement, the city not only guaranties that the money it collects upon assessment and levy shall be honestly ex-

pended, but also that it will accomplish the ultimate purposes for which it was collected. To permit an action to lie to recover money that had been legitimately expended in public work, because the work was not accomplished according to the estimates or calculations of the municipal trustee, would be an unheard of proceeding, without an authority to support it, opposed to the rule in Strickland v. City of Stillwater, supra, and does not commend itself to our views of right and equity.

The complaint falls short of excluding the claim that the public officers of the city who handled the money of appellant failed to expend it for the general purposes for which it was received, or that the city has retained it or used it for other purposes, which, under our view, would constitute an essential and necessary prerequisite to a recovery, and upon that ground we think the order of the district court sustaining the demurrer in this case should be affirmed.