MARY M. ROGERS v. CITY OF ST. PAUL.[1]

May 2, 1902.

Nos. 12,831—(9).

**Evidence—Objections.**

> On the record in this case, which shows that counsel for defendant objected at the outset to the introduction of any testimony on behalf of the plaintiff on the ground that the complaint did not state facts sufficient to constitute a cause of action, and during the trial specially objected to the introduction of certain testimony on the ground that it was incompetent, irrelevant, and immaterial, it is *held* that the court should have sustained the objections and excluded the testimony, and that this appeal is governed and controlled by Rogers v. City of St. Paul, 79 Minn. 5, in which it was ruled that the complaint failed to state a cause of action in an action growing out of the same assessment for local improvements as has this.

Action in the district court for Ramsey county to recover on the ground of failure of consideration $967 paid in satisfaction of a special assessment levied upon plaintiff's land for a local improvement which was thereafter abandoned. The case was tried before Bunn, J., who, upon conclusion of plaintiff's testimony, granted a

1 Reported in 90 N. W. 155.

motion to dismiss the action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*W. H. Yardley*, for appellant.

The exaction of money from plaintiff under the guise of an assessment for a local improvement, which improvement was thereafter abandoned, and from which plaintiff received no benefit, amounted, upon such abandonment, to the taking of private property for public use without compensation and without due process of law, in violation of the 5th and 14th amendments to the constitution of the United States. Norwood v. Baker, 172 U. S. 269, 278, 279; McCormack v. Patchin, 53 Mo. 33; State v. Hoboken, 36 N. J. L. 291; Hammett v. Philadelphia, 65 Pa. St. 146, 153; State v. Mayor, 37 N. J. L. 416, 422, 423; Thomas v. Gain, 35 Mich. 155, 162; Cooley, Taxn. (2d Ed.) 661; Illinois Central R. Co. v. City of Decatur, 147 U. S. 190, 202. There can be no question under the authorities cited that the state of Minnesota would have had no power to authorize the defendant to make an assessment for a local improvement in excess of the benefits conferred by the improvement upon the property assessed, and that an assessment levied irrespective of such benefits would be unenforceable and void. The only difference between an assessment levied in excess of benefits and an assessment based upon promised benefits which are never conferred, is, that in the former the assessment is void in its inception for want of a consideration, and in the latter the assessment becomes void for failure of consideration, upon failure of the city to discharge the obligation resting upon it to make the improvement. Special assessments being justified alone upon the theory that the property assessed will be benefited by the improvement when made, it follows that when the improvement is not made the presumption of special benefit to the property assessed ceases and the amount of the assessment, if paid, may be recovered as on failure of consideration, irrespective of the disposition thereof made by the municipal corporation. City v. Peters (Tex. Civ. App.) 40 S. W. 827; City v. Walker (Tex. Civ. App.) 56 S. W. 952.

*James E. Markham, Franklin H. Griggs* and *Thomas McDermott,* for respondent.

COLLINS, J.

This is another case growing out of the assessment for a local improvement considered in McConville v. City of St. Paul, 75 Minn. 383, 77 N. W. 993; Rogers v. City of St. Paul, 79 Minn. 5, 81 N. W. 539; and Germania Bank v. City of St. Paul, 79 Minn. 29, 81 N. W. 542. The complaint does not differ in any matter of substance from that held in the Rogers case as failing to state facts sufficient to constitute a cause of action. The main allegations thereof are stated in the opinion in that case, and need not be repeated here. Of course, the property is not the same. Plaintiff's lots are situated to the east of the tract of land involved and described in that case. The defendant city made answer to the complaint herein; thereupon the plaintiff replied; and, on the issues thus made, the parties proceeded to a trial by the court without a jury.

At the opening of the trial, counsel for defendant city objected to the admission of any testimony on the ground that the complaint did not state a cause of action. This objection was overruled, and defendant's counsel duly excepted. A written stipulation was then offered by plaintiff's counsel, in which certain facts were agreed upon; but this stipulation as to facts was, by its express terms, made subject to any objection which might be raised as to the competency, relevancy, or materiality of any of the stipulated facts as testimony. Counsel again and again insisted upon his objections to the admission of these facts as evidence, and took proper exceptions to adverse rulings; evidently relying upon his preliminary objection to the sufficiency of the complaint. The facts were not litigated by consent, according to the record. This seems to have been understood by the court below, and, when both parties rested, no testimony having been introduced by defendant city, its counsel moved to dismiss upon the ground that no right to recover had been established. This motion was granted by the court, and plaintiff appealed from an order denying a new trial.

With this condition of the record, the action of the court in disposing of the appeal is controlled entirely by the two cases in

79 Minn. and 81 N. W., before cited, as involving the same assessment, in each of which it was held that a complaint the same as this, in substance, failed to state a cause of action. As defendant's counsel raised the point at the outset, and reserved it in the stipulation, the defective complaint was not aided by the testimony objected to. The facts contained in the stipulation were specially objected to, and were admitted over the objections, all thereof being based upon counsel's general objection that the complaint did not state facts sufficient to constitute a cause of action. Notwithstanding this trial, and the admission of the testimony, the case stands precisely as if the preliminary objection to the complaint had been sustained, judgment had been entered, and an appeal therefrom had been taken by plaintiff's counsel. It is obvious that the judgment would have to be affirmed on the authority of the previous decisions.

Order affirmed.