WILLIAM F. PIEPER v. K. D. MacLAREN.[1]

October 23, 1908.

Nos. 15,424—(7).[2]

**Judgment—Collateral Attack.**

Judgments in local assessment proceedings under the charter of the city of St. Paul stand upon the same basis as judgments in ordinary tax proceedings, and cannot be impeached in a collateral action in which the jurisdiction of the court to render judgment is not successfully attacked.

**Case Followed.**

Willard v. Hodapp, 98 Minn. 269, followed and applied as to alleged irregularities in proceedings, and particularly as to the statement of the amount of the judgment in the certificate issued to the city.

Action in the district court for Ramsey county to determine adverse claims to certain real estate. The defendant alleged title under an assignment of a certificate of sale by the city of St. Paul issued in

---

[1] Reported in 118 N. W. 60.                    [2] April, 1908, term calendar.

the matter of assessment for grading East Third street in that city. The case was tried before Kelly, J., who found in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

R. A. Walsh, for appellant.

Allen & Straight, for respondent.

JAGGARD, J.

Plaintiff and appellant was the owner of described real estate, unless his title had been divested by certain assessment proceedings in the matter of grading East Third street from Earl street to the east city limits of St. Paul. One consideration urged for avoiding the assessment was that the work was abandoned, and resulted in a damage, not in a benefit, to plaintiff's lot, instead of its improvement. The legal merits of this contention as to this particular improvement have been decided adversely to plaintiff. Rogers v. City of St. Paul, 79 Minn. 5, 81 N. W. 539, 47 L. R. A. 537; Germania Bank v. City of St. Paul, 79 Minn. 29, 81 N. W. 542. And see Rogers v. City of St. Paul, 86 Minn. 98, 90 N. W. 155.

We are reluctantly unable to accede to the further contention of plaintiff that he can avail himself of the fact that he could not have asserted, by way of answer to the proceedings to secure judgment upon the assessment, the fact that the improvement was abandoned, inasmuch as there was no reason in the nature of things why an assessment should not have been made before the work is actually done. 2 Cooley, Taxn. (3d Ed.) 1265–1267. If this were a direct attack on the judgment against the city of St. Paul, in whose favor it is entered, it might be that the present case would not be within the rule in Chauncey v. Wass, 35 Minn. 1, 25 N. W. 457, 30 N. W. 826. There payment was a defense which might have been interposed by way of answer; here, the argument is, the defense could not have been interposed by way of answer. This point, however, cannot be properly raised in a collateral proceeding against a holder of a certificate, to which the city is not a party. It is elementary that judgments in local assessment proceedings stand upon the same basis as judgments in ordinary tax proceedings, and cannot be impeached in a collateral action in which the jurisdiction of the court to render judgment is

not attacked successfully. Willard v. Hodapp, 98 Minn. 269, 107 N. W. 954.

That decision disposes of all the other meritorious contentions of the plaintiff pertaining to the reasons assigned for invalidating the judgment for want of jurisdiction.

The statement of the amount of judgment in that case was as follows: "The sum of thirty-one $^{38}/_{100}$ dollars to satisfy a judgment entered and docketed in the district court, * * * which judgment was for an assessment · * * * for the constructing sidewalks for $31.38." The statement of the amount in this case was as follows: "The sum of eighty-three $^{97}/_{100}$ dollars to satisfy a judgment entered and docketed, * * * which judgment was for an assessment * * * for grading East Third street * * * for $82.65." The certificate is sufficient in this respect. Willard v. Hodapp, supra.

The injustice and hardship involved is obvious. That consideration, and the fact that the owners of other property who failed to pay the assessment and whose property was bid in by the city have been entirely relieved of the assessment by the action of the common council, are matters for the legislative body to weigh. The courts can afford no relief.

Affirmed.