DANIEL H. VALENTINE *vs.* CITY OF ST. PAUL.

February 1, 1886.

Local Assessment—Payment after Judgment—Subsequent Abandonment of Improvement—Recovery of the Amount Paid.—The defendant proposing "to open and extend" a street, its board of public works assessed the damages, costs, and expenses thereof upon the property deemed benefited, including certain land of plaintiff, and on September 2, 1881, the assessment was confirmed. On November 22, 1881, judgment was rendered in the district court against plaintiff's land (which was delinquent) for the amount assessed thereon, and on January 19, 1882, his land was sold upon the judgment for the amount of the assessment and costs. On June 18, 1883, plaintiff paid the amount with which his land was charged by the judgment and sale to the city treasurer, who gave him a receipt therefor. No part of the proposed street has been opened, and the project of opening and extending the street has been abandoned by the city. *Held*, that plaintiff is entitled to recover the amount paid by him, in an action against the city alone, as upon a failure of the consideration for which the same was paid. *Held further*, that even if the abandonment took place *before* the payment

was made by plaintiff, though after the judgment and sale mentioned, he is still entitled to recover, the payment not being voluntary, but by coercion of law.

Appeal by plaintiff from an order of the district court for Ramsey county, *Simons,* J., presiding, sustaining a demurrer to the complaint. The allegations of the complaint are fully stated in the opinion.

*C. N. Bell,* for appellant.

*W. P. Murray* and *H. J. Horn,* for respondent.

BERRY, J. The defendant proposing "to open and extend" a street, its board of public works assessed the damages, costs, and expenses thereof upon the property deemed benefited thereby, (including certain property of plaintiff,) and on September 2, 1881, the assessment was confirmed. Subsequently an action was instituted to contest the right of the city to appropriate a portion of the land sought to be condemned for the street, and on September 8th an injunction was issued therein, which is still in force, and has since been made perpetual. From a judgment rendered in the district court, August 25, 1882, an appeal was taken to this court, where, on April 18, 1883, a decision was rendered to the effect that the city had no right to appropriate the portion of land mentioned. (*St. Paul Union Depot Co.* v. *City of St. Paul,* 30 Minn. 359.) On November 22, 1881, judgment was rendered in the district court against plaintiff's land for the amount assessed thereon, and on January 19, 1882, the land was sold upon the judgment for the amount of the assessment and costs. On June 18, 1883, plaintiff paid the city treasurer the sum of $281.89, being the amount charged upon his land by said judgment and sale, and received from said treasurer a receipt therefor. No part of the proposed street has ever been opened, but the ground covered by the same remains in the exclusive use and possession of its owners. No part of the money collected on the assessment mentioned has been paid to any of the owners of the land proposed to be taken for said street, though all, or nearly all, of the amount assessed has been paid into the city treasury, where it still remains; and all proceedings "to open and extend" the proposed street in any way have been abandoned by the city, the injunction (as before stated) having been made

perpetual by the district court. The city refuses, after due demand, to repay plaintiff the amount by him paid to the city treasurer.

Upon this state of facts set out in his complaint the plaintiff is, in our opinion, entitled to maintain this action, and, *first*, to recover therein the money paid by him to the city treasurer, and, *second*, and as a concomitant of this recovery, to have his land freed from the cloud and incumbrance of the judgment and sale by having both vacated and annulled.

To say nothing about the effect of the injunction, independent of the abandonment, the effect of the abandonment by the city of the project of "extending and opening" the proposed street for and on account of which, and which only, the assessment was made, is that the consideration of the assessment has wholly failed. So that the city stands in the position of holding in its treasury money collected from the plaintiff which it has no right in equity, good conscience, or common honesty to retain, because the purpose for which it was collected has been completely abandoned. In such circumstances no statute is required to impose upon the city a legal obligation to make restitution. An action lies as at common law for money had and received. *Brand* v. *Williams*, 29 Minn. 238; *Borough of Henderson* v. *County of Sibley*, 28 Minn. 515; *Sibley* v. *County of Pine*, 31 Minn. 201; *Bradford* v. *City of Chicago*, 25 Ill. 411; *Falls* v. *City of Cairo*, 58 Ill. 403. See, also, *Jersey City* v. *O'Callaghan*, 41 N. J. Law, 349; *Peyser* v. *Mayor of New York*, 70 N. Y. 497; *Louisiana* v. *Wood*, 102 U. S. 294. That the city is a municipal corporation does not distinguish it from a private person in this respect. *Pimental* v. *City of San Francisco*, 21 Cal. 352; *Marsh* v. *Fulton Co.*, 10 Wall. 676.

Unless the payment made to the city treasurer, and his receipt therefor, operate to satisfy and discharge the judgment and sale, (as does not distinctly appear in the complaint,) so that they are no longer a cloud or incumbrance upon the plaintiff's title, it would seem to follow as a matter of course that if plaintiff is entitled to restitution of his money, he is also entitled to have the judgment and sale set aside, so that the cloud or incumbrance which the apparently regular proceedings raise may be removed with the foundation upon which they rest.

Our attention has been called to the last sentence of Sp. Laws 1883, *c.* 2, § 7, re-enacting a similar provision in Sp. Laws 1874, *c.* 1, p. 76, § 68, under which it would seem that the city's proceedings, in extending and opening the street mentioned, might be taken as having *lapsed,* so as to give plaintiff the right of recovery thereby expressly provided for. In this case it is, however, not necessary to consider the effect of the provision cited. We refer to it as not having been overlooked, and as perhaps having some importance with reference to future proceedings in this action.

In the view which we have taken of the case, we discover no reason why the plaintiff may not maintain his action against the city alone. If the enterprise has been wholly abandoned, we are unable to conceive how there can be any parties whose land has been so taken or appropriated as to entitle them to any compensation to be paid out of the assessment fund or otherwise. But, even if the abandonment did not have the effect to deprive them, or any of them, of compensation, it nevertheless makes out *the failure of consideration* as respects the plaintiff, and entitles him to recover from the city.

With reference to the city's claim that the plaintiff's payment was voluntary, and therefore he cannot recover it, it is to be observed that if the payment was made before the abandonment, as is inferable from the complaint, it is of no consequence whether it be regarded as voluntary or compulsory, for the *subsequent* abandonment works the failure of consideration, and gives the right of recovery. See *Peyser v. Mayor* and *Jersey City* v. *O'Callaghan, supra.* Even if the payment was made after the abandonment, it was not in law voluntary. The judgment and sale were, upon their faces, regular and valid. Until satisfied or set aside, they apparently and *prima facie* bound the plaintiff's land, and, unless redemption was made, they would, *prima facie* at least, operate to divest him of his title. To set these aside required proof of the abandonment, which is *dehors* the record. In such circumstances payment made in redemption from the sale is not voluntary, but by "coercion of law." *Peyser* v. *Mayor, supra.*

Order reversed.