476

## DISTRICT OF COLUMBIA v. THOMPSON.*

Court of Appeals of District of Columbia.
Submitted November 9, 1928. Decided
January 7, 1929.

Rehearing Denied January 26, 1929.

No. 4699.

Wm. W. Bride and Edward W. Thomas, both of Washington, D. C., for the District of Columbia.

Paul V. Rogers and William E. Furey, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. The Act of March 1, 1912 (37 Stat. 71), authorized and directed the commissioners of the District of Columbia "to institute in the Supreme Court of the District of Columbia a proceeding in rem to condemn the land that may be necessary to extend Lamont street northwest through squares numbered 2604 and 2605, with a width of 90 feet, said extension to be a direct prolongation of Lamont street as now existing east of Nineteenth street." The act further provided that the entire amount found to be due and awarded by the jury as damages for and in respect of the land to be condemned, plus the costs and expenses of the proceeding, should "be assessed by the jury as benefits."

Pursuant to the provisions of this act, proceedings were instituted which resulted in the condemnation of land necessary for the extension of Lamont street. Damages were awarded in the sum of $13,737.48, and costs of $463.78, making a total of $14,201.-26, which sum was assessed as benefits against adjacent property in abutting squares 2602, 2603, 2604, 2605, 2606, and 2607. Against defendant in error's lot, lot 101 in square 2603, there was assessed $200 as the amount of her proportionate share of benefits. This verdict was confirmed by the court on February 10, 1913, and the amount assessed against defendant in error subsequently was paid.

On January 7, 1926, defendant in error, through her counsel, in a written communication demanded of the District of Columbia the return of the assessment paid, on the ground that the District had abandoned

*Certiorari granted 49 S. Ct. 265, 73 L. Ed. —.

the project for the extension of Lamont street as contemplated by the Act of March 1, 1912. The reply to this communication was dated January 29, 1926, was signed by the auditor of the District of Columbia, and contained the following statement: "The official files of the engineer department indicate that it was never the intention to open Lamont street between squares 2604 and 2605 to vehicular traffic, because of the excessive grade." The communication further stated that the assessments for benefits "were made under a formal condemnation proceeding, and the verdict of the jury was duly ratified and confirmed by the court. Therefore the assessments, from our consideration of the matter, were legally made, and are legally payable. The only condition under which a refund of the payment made to the District of Columbia can be made is where the facts show the payment to have been made in error. This condition is not present in the matter of the benefit assessments paid under the Lamont street proceedings."

Thereafter, on June 22, 1927, defendant in error filed suit in the court below for the recovery of the assessment. Thereupon the plaintiff in error, through its collector of taxes, interposed an affidavit of defense, based upon substantially the same grounds set forth in the auditor's letter of January 29, 1926, and in addition the statute of limitations. At the trial the plaintiff in error contended that the municipal court was without jurisdiction, and that the statute of limitations had intervened.

The bill of exceptions contains the following: "Since the ratification of the verdict in the aforementioned condemnation case, and since the acquisition of the land as authorized by the Act of Congress of March 1, 1912, and up to the time of the filing of this suit, the said land has not been laid out for a roadway, sidewalk, or parking space, nor has it been graded, paved, or otherwise improved for highway purposes, nor has any specific appropriation been made by Congress therefor. During the year 1924, to wit, March 17, 1924, the District of Columbia laid and completed a cement sidewalk and curb across the east end of the condemned tract, being the west sidewalk and curb of Nineteenth street, Northwest, at that point, the said sidewalk and curb constituting an effective obstruction to any vehicular traffic over the condemned land. * * * No official action has been taken by the commissioners, or by Congress, looking to the abandonment of the title to said land, or of the right of defendant to physically improve it since its acquisition through the condemnation proceedings."

Judgment was for the defendant in error, and the writ of error followed. The assignments of error are as follows: First. Want of jurisdiction. Second. The statute of limitations. Third. That the court erred in holding that the plaintiff in error had abandoned the purpose for which the special assessment for benefits was paid. Fourth. That "the court erred in holding that the physical improvement of Lamont street, as acquired under the authority of the Act of Congress approved March 1, 1912 (37 Stat. 71), entitled 'An act to authorize the extension of Lamont street, Northwest, in the District of Columbia,' was contemplated thereby," or that the District of Columbia "was legally bound to physically improve Lamont street so acquired, by accepting payment of the assessment for benefits as a result of said condemnation case."

The Act of March 1, 1912 (37 Stat. 71), authorized the commissioners to condemn the land necessary to extend Lamont street through squares 2604 and 2605, "with a width of ninety feet, said extension to be a direct prolongation of Lamont street as now existing east of Nineteenth street."

In Washington R. & E. Co. v. Newman, 41 App. D. C. 439, 445, involving a condemnation proceeding, the trial court had instructed the jury that, in assessing benefits against the properties to be benefited, it should take into consideration "the benefits and advantages they may severally receive from the said extension of the said street. By the extension of the street the jury are to understand its establishment, laying out, and completion for all of the ordinary purposes of a public thoroughfare." Mr. Justice Van Orsdel, speaking for this court, said: "This is assigned as error by defendant, on the ground that it permitted the jury to take into consideration future improvements. The benefits were to accrue from the opening of a street not from an unimproved strip of land. The object in laying out and opening this street was to make it a thoroughfare for all the ordinary uses of a street, as the term 'street' is understood when used in comparison with the manner in which surrounding streets are constructed and used, not taking into consideration future uses to which the street may be subjected, or unforeseen improvements which may result from its construction. This form of instruction has been approved in a number of cases, where the lan-

guage of the act was substantially the same as here. Columbia Heights Realty Co. v. Macfarland, 31 App. D. C. 112 [Id.] 217 U. S. 547, 30 S. Ct. 581, 54 L. Ed. 877, 19 Ann. Cas. 854; American Security & T. Co. v. Rudolph, 38 App. D. C. 32.''

It is apparent, therefore, that the basis for the assessments for benefits in this case was that the condemned land was to be opened as ''a direct prolongation of Lamont street,'' so as ''to make it a thoroughfare for all the ordinary uses of a street.'' In other words, ''the benefits were to accrue from the opening of a street, not from an unimproved strip of land.'' On no other theory could an assessment for special benefits be sustained. The acquisition by the municipality of land for an extension of a public park results in general benefit to the public, and the cost of the extension should be borne by the public.

■ The first question for consideration is whether the municipality may retain money collected as special benefits to accrue from the opening of a street, without incurring any legal obligation to open it.

In Bradford v. City of Chicago, 25 Ill. 411, a suit to recover back moneys paid under special assessment, it was ruled that, where a street is not opened in a reasonable time, the moneys paid as assessments for benefits may be recovered back in assumpsit, on the theory that the consideration has wholly failed. The court said:

''In projecting this improvement by the city, and raising money by condemning property supposed to be benefited by the improvement, the city undertook that they would proceed according to law in making the assessments, and would devote the money raised to the completion of the undertaking, in a reasonable time. It was on this undertaking the plaintiff, voluntarily, we will say, paid his money. He trusted to the good faith, intelligence, and integrity of the city officials that by no fault, misconduct or miscarriage of their own the work should be unreasonably delayed; that the improvement should be made in a reasonable time, and fully carried out. The city has failed to do it, and has given, and can give, no assurance whatever that the improvement shall be made. The plaintiff may well contend that he has paid his money on a consideration which has failed, that he has acquiesced in no delay, and that he ought to have his money restored to him, and which he demanded one year before he commenced his suit.''

In Valentine v. City of St. Paul, 34 Minn. 446, 26 N. W. 457, the court said:

''The effect of the abandonment by the city of the project of 'extending and opening' the proposed street for and on account of which, and which only, the assessment was made, is that the consideration of the assessment has wholly failed. So that the city stands in the position of holding in its treasury money collected from the plaintiff which it has no right in equity, good conscience, or common honesty to retain, because the purpose for which it was collected has been completely abandoned. In such circumstances no statute is required to impose upon the city a legal obligation to make restitution. An action lies as at common law for money had and received.''

See, also, McConville v. City of St. Paul, 75 Minn. 383, 77 N. W. 993, 43 L. R. A. 584, 74 Am. St. Rep. 508; City of San Antonio v. Peters (Tex. Civ. App.) 40 S. W. 827. We are in accord with the doctrine announced in these decisions.

■ The District of Columbia is a municipal corporation (United States v. Cella, 37 App. D. C. 423; District of Columbia v. Tyrrell, 41 App. D. C. 463), and its responsibility in the premises does not differ from that of a private person (Valentine v. City of St. Paul, 34 Minn. 446, 448, 26 N. W. 457; Pimental v. City of San Francisco, 21 Cal. 352; Marsh v. Fulton County, 10 Wall. 676, 19 L. Ed. 1040).

■ The next question is whether the action was barred by the statute of limitations. The condemnation proceedings were regular in form, and resulted in the acquisition by the municipality of the condemned land, the title to which it still holds. It is manifest, therefore, that the District, at any time subsequent to the confirmation of the verdict of the jury, might have opened this street. The fact that in 1924 it ''laid and completed a cement sidewalk and curb across the east end of the condemned tract,'' while indicating a purpose to delay the actual opening of the street, was not conclusive of the intention on the part of the municipality to abandon the project. The first definite act or declaration on the part of the District came from the auditor in the communication of January 29, 1926, in response to a letter from the defendant in error demanding of the District a refund. The position assumed by the auditor, in effect, is the position now taken by the District, because it insists that the Act of March 1, 1912, did not contemplate ''the physical improve-

ment of Lamont street," and that the District was not "legally bound to physically improve Lamont street so acquired."

In McConville v. City of St. Paul, 75 Minn. 383, 77 N. W. 993, 43 L. R. A. 584, 74 Am. St. Rep. 508, the court said: "The city, by judicial proceedings, compelled him [the plaintiff] to pay to it the full amount of the assessment, and, with commendable forbearance, he waited nearly six years for the city to complete its work after obtaining his money in August, 1892, which it keeps without the slightest evidence of its intent to complete its work of grading and improving the street named. If it intends to complete this work, it should do so or say so."

In the present case, the first definite statement of the District's interpretation of the condemnation act and of the District's purpose not to open the street was in the communication of January 29, 1926. This action was brought on June 22, 1927, and was, therefore, within the statute of limitations, which provides that such actions shall be brought within three years.

The municipal court had jurisdiction of the parties and of the subject-matter. Our conclusion is that the judgment below was right, and it is therefore affirmed, with costs.

Affirmed.