# DISTRICT OF COLUMBIA *v.* THOMPSON.

No. 44.   Argued December 4, 1929.—Decided February 24, 1930.

*Mr. Alexander H. Bell, Jr.,* Assistant Corporation Counsel, with whom *Mr. William W. Bride,* Corporation Counsel, District of Columbia, was on the brief, for the petitioner.

*Mr. William E. Furey,* with whom *Mr. Paul V. Rogers* was on the brief, for respondent.

28

MR. JUSTICE SANFORD delivered the opinion of the Court.

Pursuant to an Act of March 1, 1912,[1] authorizing and directing them so to do, the Commissioners of the District of Columbia instituted in the Supreme Court of the District, under and in accordance with the District Code of Law, a proceeding *in rem* to condemn the land necessary to extend Lamont Street, northwest, with a width of ninety feet, through two designated squares west of its termination at 19th Street.[2] The strip of land necessary for this extension was condemned and title vested in the District, and the damages were awarded and the benefits assessed by a verdict of the jury. This was confirmed by the court in February, 1913. The sum of $200 was assessed as benefits against a lot owned by the respondent, Georgiana Thompson. Under the District Code this became a lien upon the lot, collectible as special improvement taxes and payable in five annual instalments.[3] In March, 1921, the lot was sold for nonpayment of the assessment, and in March, 1923, was redeemed by the respondent from such sale by the payment of the $200 and interest to the Collector of Taxes of the District.

In June, 1927, the respondent—hereinafter called the plaintiff—brought an action against the District in the Municipal Court, alleging that she had paid the assessment of benefits under obligation of law; that the District had wholly failed to extend Lamont Street through the

---

[1] 37 Stat. 71, c. 48.

[2] The Act specifically provided that the amount awarded by the jury as damages for the land condemned for the extension, plus the costs and expenses of the proceeding, should be assessed by the jury as benefits.

[3] District Code of Law, § 491(j).

designated squares, the strip of land condemned being yet unimproved by a street extension, and had abandoned the purpose of the condemnation authorized by the Act of Congress; and that she was entitled to the repayment of the $200 assessment—for which she claimed judgment. The District filed a plea to the jurisdiction of the court over the cause of action; and also an affidavit of defense, denying that it had abandoned the purpose of the condemnation for the extension of Lamont Street, and alleging that more than three years had elapsed since the time when the plaintiff's right of action, if any, had accrued to her. It was not alleged that the District intended to extend Lamont Street over the condemned strip at any future time.

At the trial the following facts—which are undisputed—were shown: Lamont Street, when the condemnation proceeding for its extension was instituted, had been paved, graded and laid out, east of 19th Street, with a roadway, sidewalks, curbing and parking spaces, and was open for vehicle and pedestrian traffic. Since the acquisition of the strip west of 19th Street and the confirmation of the verdict in 1913, no official action had been taken by the Commissioners or by Congress looking to the abandonment of the title thereto, or of the right of the District to improve it. However, since that time and up to the filing of the plaintiff's suit in 1927, Lamont Street had not been extended as an improved street, and the condemned strip had not been laid out for a roadway, sidewalk or parking space, nor graded, paved or otherwise improved for highway purposes; nor had Congress made any specific appropriation therefor. And although lying between two improved highways, 19th Street and Adams Mill Road, it still remained open, vacant property. For a short distance along its south side, at a time not shown, a cement sidewalk had been laid by a private person as an entrance to an apartment house, under a District per-

mit. In March, 1924, the District had laid a cement sidewalk and curb along the west side of 19th Street and across the east end of the condemned strip, which constituted an effective obstruction to any vehicular traffic over it. And in January, 1926, in a letter declining to entertain an application made by the attorney for the plaintiff and others for a refund of the assessments on the ground that the District appeared to have abandoned the project for the extension of the street, the Auditor of the District had stated that the official files of the engineer department indicated that it had never been the intention to open the extension of Lamont Street to vehicular traffic because of the excessive grade, but that the principal reason for condemning the strip was to provide a vista and access to Zoological Park, and it was intended to treat the extension with terraces and steps.[4] It was not shown that the District had taken any step at any time looking towards the extension of Lamont Street over the condemned strip, or indicating its intention to make such extension at any future time.

The Municipal Court gave judgment for the plaintiff; and this, on writ of error, was affirmed by the Court of Appeals of the District. 30 F. (2d) 476.

We think the judgment should be affirmed.

1. Pursuant to the Act of Congress the strip of land was condemned for the extension of Lamont Street, an improved thoroughfare open for vehicular and pedestrian traffic and all the ordinary uses of a street. In the condemnation proceeding the jury were necessarily required

---

[4] This letter was introduced by the plaintiff and admitted over the defendant's objection, to show her first knowledge that the defendant intended to abandon or had abandoned the purpose of the condemnation; but the defendant's exception to the overruling of its objection was not brought up by any assignment of error in the Court of Appeals.

to assess the benefits which would accrue from such extension, that is, from the extension of a street where one had not theretofore existed, and not from an unimproved strip of land merely. See *Washington R. & E. Co.* v. *Newman,* 41 App. D. C., 439, 445; and cases cited. That is, the consideration for the assessment of the benefits was the extension of Lamont Street over the condemned strip.

2. Under the undisputed facts we think the District was under an obligation imposed by law to return, as for a failure of consideration, the assessment of benefits that had been paid by the plaintiff.

In *Valentine* v. *City of St. Paul,* 34 Minn. 446, 448, benefits had been assessed against the plaintiff's land by reason of the proposed opening and extension of a street, and he had been compelled to pay the amount of this assessment to redeem his land from sale. No part of the street having been opened, and the project for opening and extending it having been abandoned by the city, he was held entitled to recover the amount paid as upon a failure of the consideration for the assessment. The court said that "the effect of the abandonment by the city of the project of 'extending and opening' the proposed street for and on account of which, and which only, the assessment was made, is that the consideration of the assessment has wholly failed. So that the city stands in the position of holding in its treasury money collected from the plaintiff which it has no right in equity, good conscience, or common honesty to retain, because the purpose for which it was collected has been completely abandoned. In such circumstances no statute is required to impose upon the city a legal obligation to make restitution. An action lies as at common law for money had and received . . . That the city is a municipal corporation does not distinguish it from a private person in this respect." To the same effect are *McConville* v. *City of St.*

*Paul*, 75 Minn. 383, *City of San Antonio* v. *Peters* (Tex. Civ. App.,) 40 S. W. 827, *City of San Antonio* v. *Walker* (Tex. Civ. App.,) 56 S. W. 952, and *Bradford* v. *City of Chicago*, 25 Ill. 411, involving assessments for the opening, extension and widening of streets. And see *Ward* v. *Love County*, 253 U. S. 17, 24, and cases cited.

In two of these cases the abandonment of the proposed street improvement for which the benefits had been assessed, although not shown by any affirmative act on the part of the municipality, was established by circumstances; in one where there had been the lapse of a reasonable time during which the city had done nothing to carry on the improvement, and there was no claim in its answer or proof that it desired or ever intended so to do, *McConville* v. *City of St. Paul, supra*, 386; and in the other where there had been the lapse of a reasonable time during which the city had done nothing to carry out the improvement, and there was no proof that it had been prevented by any obstacle in the way thereof, *Bradford* v. *City of Chicago, supra*, 417.

Here, although the Commissioners had been instructed by Congress to condemn the strip of land for the extension of Lamont Street, more than fourteen years had elapsed during which the District had neither made this extension nor taken any step towards that end; it showed no obstacle which had prevented such extension; it had built a sidewalk and curb across the strip which constituted an obstruction to vehicular traffic; and it made no claim in its pleadings or proof that it desired or intended to make such extension at any future time. We think that these circumstances established, as a matter of reasonable and necessary inference, the fact that the District had abandoned the purpose of extending the street over the condemned strip; and that, this being so, for

the reasons well stated in the *Valentine* case, the District was properly required to return to the plaintiff, as for failure of consideration, the amount of the assessment that she had paid, which it had retained contrary to equity and good conscience and held, by implication of law, as money had and received to her use.

3. As the basis of the plaintiff's cause of action was the obligation imposed by law upon the District by reason of the failure of consideration for the assessment of benefits, it was one, we think, of which the Municipal Court had jurisdiction as a claim for debt arising out of an " implied " contract, not exceeding $300.[5]

4. Nor was the plaintiff's right of action barred by the statute of limitations of three years.[6] The District contends that the plaintiff's claim accrued either when the verdict of the jury assessing benefits was confirmed in February, 1913, or when she paid the assessment in March, 1923. This contention entirely misconceives the nature of the plaintiff's cause of action, which is not based upon any illegality in the original assessment that would have given rise to any right of action when the benefits were either assessed or paid, but entirely upon the abandonment by the District of the proposed extension. See *City of San Antonio* v. *Walker, supra,* 953. The Court of Appeals held upon the evidence that such right of action did not accrue until January, 1926; and this is not controverted.

The judgment is

*Affirmed.*

---

[5] District Code, § 9; Act of Feb. 17, 1909, 35 Stat. 623, c. 134. [Modified by Act of March 3, 1921, 41 Stat., pt. 1, p. 1310, enlarging jurisdictional amount to $1,000.]

[6] District Code, § 1265.