## HAWAIIAN TRUST COMPANY, LIMITED, EXECUTOR OF THE WILL OF CHARLES H. ATHERTON, DECEASED, v. E. S. SMITH, TREASURER OF THE TERRITORY OF HAWAII.

### No. 1967.

ARGUED JUNE 10, 1931.                    DECIDED JUNE 18, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon an agreed statement of facts submitted in conformity with the provisions of section 2371, R. L. 1925. In the statement the following facts, among others, appear. On February 25, 1929, the Hawaiian Trust Company, Limited, as executor of the will of Charles H. Atherton, deceased, hereinafter called the taxpayer, paid under protest, to E. S. Smith, collector of inheritance taxes, as treasurer of the Territory of Hawaii, hereinafter called the collector, the sum of $48,092.55, that amount having been assessed as an inheritance tax against the estate of said decedent. On March 27, 1929, within the time required by law, the taxpayer instituted suit in the circuit court of the first

judicial circuit for the recovery of said sum. The case was duly tried by the circuit court, jury waived, resulting in a decision and judgment in favor of plaintiff for the amount sued for. No appellate proceedings were taken upon said judgment but the same was satisfied on June 18, 1930, by the payment of $48,092.55 by the treasurer to the taxpayer.

On February 26, 1929, the collector purchased with said sum of $48,092.55 from the Bank of Hawaii, Limited, a certificate of deposit for said sum, said certificate of deposit being dated February 26, 1929, and running to August 26, 1929, and bearing interest at four per cent. On August 26, 1929, the collector, with the original $48,092.55 and the interest earned on said certificate of deposit, in the sum of $961.85, or with the total sum of $49,054.40, purchased a second certificate of deposit from the Bank of Hawaii, Limited, for said total sum of $49,054.40, said second certificate of deposit being dated August 26, 1929, and running to February 26, 1930, and bearing interest at four per cent. On February 26, 1930, the collector, with the principal amount of the second certificate of deposit, that is, the sum of $49,054.40, and the interest earned on said certificate of deposit in the sum of $981.09, or with the total sum of $50,035.49, purchased a third certificate of deposit for said total sum of $50,035.49, running to August 26, 1930, and bearing interest at four per cent. The collector was obliged to pay the judgment aforementioned out of the said third certificate of deposit, it comprising both the original tax of $48,092.55, paid under protest, and the interest earned thereon to February 26, 1930, being $1,942.94. In order to avoid a loss of interest earned from February 26, 1930, which would have been caused by cashing said third certificate of deposit on June 18, 1930, the collector on said last mentioned date, and with the consent of the taxpayer, had

40

said third certificate of deposit split, as of February 26, 1930, into two new certificates of deposit, one in the sum of $48,092.55 and the other in the sum of $1,942.94, each of said new certificates being dated June 18, 1930, as of February 26, 1930. The collector on said 18th day of June, 1930, delivered to the taxpayer the new certificate of deposit dated June 18, 1930, as of February 26, 1930, in the sum of $48,092.55. The taxpayer protested the nonpayment to it of the interest actually earned on said certificate of deposit as is more fully shown by a letter dated June 18, 1930, addressed to the collector and delivered to the collector through Mr. Henry A. Nye, registrar of public accounts, on June 18, 1930, copy of which is attached to the submission herein and marked exhibit "B."

The taxpayer has agreed with the collector to pay to the collector, when said new certificate of deposit, dated June 18, 1930, as of February 26, 1930, in the sum of $48,092.55, is cashed, the interest actually earned on said sum from February 26, 1930, to June 18, 1930, the collector agreeing to hold said amount of interest, together with the proceeds of said new certificate of deposit for $1,942.94 and the interest thereon until the determination of the litigation in respect to the interest earned on said sum of $48,092.55, without prejudice to the right of the taxpayer to claim said interest as its own, a copy of said agreement being attached to said submission as exhibit "C." The taxpayer claims that the interest earned on said sum of $48,092.55 and the earnings thereof, in the manner aforesaid, is its property and should be paid to it by the treasurer. The collector claims that the interest earned on said sum, and the earnings thereof, is a realization of the Territory of Hawaii, and should not be paid to the taxpayer. In said submission the parties have stipulated that "judgment either that the interest earned

on said sum of $48,092.55, and the earnings thereof, is a realization of the Territory of Hawaii and that no part thereof should be paid to the taxpayer, or, that the said interest is the property of the taxpayer and that the collector pay the said interest to the taxpayer, may be entered by this court in accordance with the views of the court upon the facts herein agreed upon."

In their briefs the parties have agreed that "the sole question before the court is whether or no when an inheritance tax is paid under protest, under the laws of the Territory of Hawaii, to the treasurer of the Territory of Hawaii, as collector of inheritance taxes, and when the amount of said tax is kept separate and apart from the general revenue of the Territory of Hawaii, in a separate fund maintaining its identity, interest actually earned on said fund and received by the treasurer of the Territory of Hawaii is the property of the taxpayer or of the Territory of Hawaii, when the taxpayer is successful in recovering the entire tax thus paid under protest."

Procedure to recover taxes and other moneys paid under protest is provided by section 1444, R. L. 1925, as follows: "Moneys representing a claim in favor of the Territory may be paid to a public accountant of the Territory under protest in writing signed by the person making such payment, or by his agent, setting forth the grounds of such protest, in which event the public accountant to whom such payment is made shall hold the money so paid for a period of thirty days from the date of payment. Action to recover the money so paid, or proceedings to adjust the claim may be commenced by the payor or claimant against the public accountant to whom the payment was made, in a court of competent jurisdiction, within said period of thirty days, and in default of bringing such suit or proceedings within said period, the money so paid shall be by such accountant deposited in

42

the treasury of the Territory, and the same shall there- upon become a government realization. If action to re- cover the money so paid under protest, or proceedings to adjust the claim, shall be commenced within thirty days after payment of the money under protest, the amount so paid shall be transmitted by the public accountant to the treasurer of the Territory who shall hold the same as a special deposit pending the final decision of the cause. If the final decision of the cause shall be in favor of the claimant, the treasurer of the Territory shall pay to him out of such special deposit, such amount as shall have been adjudged to be due to him in such cause; the amount so to be paid to be ascertained by the treasurer from a certified copy of the judgment of the court, in which the cause was finally determined, which shall be his authority and warrant for such payment."

The procedure set forth in the above quoted section, as shown in the agreed statement of facts, was followed in the instant case. The principal sum placed on special deposit in conformity therewith was never paid and never became payable into the public treasury and at no time became a government realization under the provisions of said section. The principal sum was not paid to the collector, nor received nor retained by him under circum- stances which would make him more than a mere stake- holder of the fund, the ownership of which was later judicially determined to have been from the beginning in the taxpayer. The fund having been the property of the taxpayer and no part of it having belonged at any time to the collector or to the Territory, from these premises it follows that the actual increase from the investment of the fund in the special deposit was likewise the property of the owner of the fund and not that of the collector or the Territory. In his own words the treasurer "does not deny that there are strong equitable considerations in

favor of the taxpayer's claim in this case" but expresses "some doubt upon the question of allowance of interest in the manner claimed," and for his own protection and that of the Territory he has deemed it advisable to submit the question to this court for determination. Upon oral argument the treasurer has also expressed doubt as to whether the claim is one upon which suit may be brought against the Territory under the provisions of section 2669, R. L. 1925, as amended by Act 213, L. 1929, or whether on the other hand the cause of action falls within the class expressly barred by that section. It is submitted by the treasurer that the taxpayer's claim is one for "interest" and that interest in the premises is expressly prohibited by section 2676, R. L. 1925, which provides that in suits against the government "no interest shall be allowed on any claim up to the time of the rendition of judgment thereon by the court unless upon a contract expressly stipulating for the payment of interest." In the action in the circuit court upon the original claim no interest was asked and the amended judgment for the principal only, plus costs paid by the plaintiff, recited that, by agreement of the parties, it was "without prejudice to the right of the plaintiff to claim interest actually earned" on said principal sum "in a submission on agreed statement of facts to the supreme court of the Territory of Hawaii, or by other appropriate action." From the recital last above made and from the statement of facts in the submission it is apparent that the actual earnings from the investment of the sum of $48,092.55, while on special deposit, as above set forth, are not claimed by the taxpayer as interest due from the Territory but as money received by the collector for the use of the taxpayer.

As to the actionability of the present claim, section 2669, R. L. 1925, as amended by Act 213, L. 1929, provides

44

in part as follows: "The several circuit courts of the Territory shall, subject to appeal and exceptions to the supreme court in the manner now provided by law, have original jurisdiction to hear and determine the following matters, and shall determine all questions of fact involved without the intervention of a jury. First. All claims against the Territory founded upon any statute of the Territory; or upon any regulation of an executive department; or upon any contract, expressed or implied, with the Territory, and all claims which may be referred to any such court by either house of the legislature; provided, however, that no suit shall be maintained, nor shall any process issue against the Territory, based on any contract or any act of any territorial officer which such officer is not authorized to make or do by the laws of the Territory, nor upon any other cause of action than as herein set forth. * * * "

The money in the instant case, as hereinabove decided, having been received by the collector for the use of the taxpayer, the same being still, as an actual accretion, in the special deposit account which the treasurer was authorized and required to make under the provisions of section 1444 hereinabove quoted, and neither the Territory nor the treasurer having any rightful claim of ownership in, or right or duty to retain the same, there is an *implied contract* on the part of the Territory, within the meaning of section 2669 above quoted, to pay the same to the taxpayer and an action in assumpsit for money had and received would therefore lie for the recovery of the amount so retained. See *Ford Motor Co.* v. *State,* 231 N. W. (N. D. 1930) 883, 885, and *Valentine* v. *City of St. Paul,* 34 Minn. 446, 448, 26 N. W. 457, 458.

Let judgment issue for the taxpayer in conformity with the terms of the submission.

*H. L. Wrenn (Prosser, Anderson, Marx & Wrenn* on

the briefs) for the taxpayer.

*C. N. Tavares,* Second Deputy Attorney General (*H. R. Hewitt,* Attorney General, with him on the brief), for the treasurer.