14

## BOSS et al. v. DISTRICT OF COLUMBIA et al.

No. 8190.

United States Court of Appeals for the District of Columbia.

Argued Jan. 7, 1943.

Decided Jan. 25, 1943.

Mr. William C. Sullivan, of Washington, D. C., for appellants.

Mr. Vernon E. West, Principal Assistant Corporation Counsel, District of Columbia, with whom Messrs. Richmond B. Keech, Corporation Counsel, District of Columbia, and Chester H. Gray, Assistant Corporation Counsel, District of Columbia, all of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

VINSON, Associate Justice.

This is an appeal from an order of the District Court dismissing complaint to recover certain benefit assessment payments made as a result of a condemnation proceeding against the lands of the appellants.

The appellants were the owners of 72 lots in Square No. 1582, located in the area bounded by Western Avenue, Wisconsin Avenue, Fessenden Street, and 45th Street, N. W. They urged condemnation proceedings for street extensions on the ground that this entire community, including their lands, would be benefited by the opening of the streets under the plan of the Highway Commission. The condemnation proceeding was thereafter instituted, and in 1930 a jury assessed benefits against appellants' lots.[1] Upon motion, supported by affidavits, the court reduced appellants' assessments.[2] The order confirming and ratifying the benefit assessments was entered in 1931. Prior to December 16, 1935, the appellants paid to the proper official $1,870.11; and in 1938 the remainder of the assessment, $3,452.89.

This action to recover all moneys paid as assessments was instituted on December 16, 1935. It was alleged that the District of Columbia had "abandoned, renounced, and repudiated the purpose of said condemnation cause, and that the consideration for assessments had failed." The District denied that the street improvement project had been abandoned or that there had been a failure of consideration for the assessments, and affirmatively alleged that at the time the action was instituted, some, although not all, of the physical extension of said streets had been completed, and at that time all of the work was in process of being done and was planned to be done; and at the time of the filing of the answer to the supplemental and amended complaint, March 29, 1940, in which appellants sought recovery of the moneys paid pending the action, all of the work had been done. The District Court found that the District of Columbia did not abandon the project involved, and had no intention of abandoning said project, and dismissed the action.

The appellants rely almost entirely upon District of Columbia v. Thomp-

---

[1] $75.00 for each of 48 lots, and $100.00 for each of 24 lots.

[2] $50.00 for each of 48 lots, and $75.00 for each of 24 lots.

son,[3] and cases cited therein, to support the claim of abandonment and failure of consideration. Undoubtedly the Thompson case is authority for the rule that, upon abandonment of a street improvement project for which benefit assessments have been levied and paid, there is a failure of consideration and the moneys received as assessments must be returned to those entitled thereto. The Thompson case involved the opening to vehicular traffic of Lamont Street between two certain squares. More than fourteen years had elapsed between the condemnation and the action for recovery; the District made no claim, either in its pleadings or proof, that it desired or intended to extend the street at any future time; eleven years after the condemnation proceeding it had constructed a cement sidewalk and curb across the east end of the condemned tract. Affirmatively, it was disclosed that it was never the intention of the District to open this portion of Lamont Street to vehicular traffic. Thirteen years after the land had been condemned for this purpose, the Auditor of the District wrote counsel for the property owner that "The official files of the engineer department indicate that it was never the intention to open Lamont Street between squares 2604 and 2605 to vehicular traffic, 'because of the excessive grade." This court held that the construction of the cement sidewalk and curb across the east end of the condemned tract was not conclusive of the intention on the part of the municipality to abandon the project, nor did the passage of thirteen years after the land was condemned, with no effort to begin or complete the improvements, constitute abandonment. It held that the abandonment was shown by the letter to Thompson from the Auditor of the District stating that it was never the intention to open the street to vehicular traffic.

The cases cited in the Thompson opinion, upon which appellants earnestly rely,

likewise fail to support their position. In the Valentine case[4] the court found that "the purpose for which it [the assessment] was collected has been completely abandoned." It clearly appears that the municipality had been perpetually enjoined from opening the street for which the benefit assessments had been levied and paid. In the McConville case[5] the court found that the project had been "wholly abandoned" and the city did not offer "the slightest evidence of its intent to complete its work of grading and improving the street named." In the San Antonio case[6] the condemnation proceeding had been abandoned and the land was never acquired. In the Bradford case[7] the assessments had been held void; four years had elapsed without the city undertaking to assess the properties or do the work; and the city "has given, and can give no assurance whatever that the improvement shall be made."

The Supreme Court, affirming the Thompson case,[8] gave special emphasis to the absence in the pleadings or proof of the desire or intention to make any such extension at any future time. In discussing the McConville case, it pointed out that "the city had done nothing to carry on the improvement, and there was no claim in its answer or proof that it desired or ever intended so to do * * *."[9]

In the instant case, as in the cases relied upon by the appellants, the major issue is abandonment. Here, there is an affirmative allegation of intention on the part of the District to complete the work. Such an averment is missing in each of the foregoing cases which we have discussed. The findings of fact of the District Court disclose that the District promptly undertook the improvements for which the assessments had been levied and paid; that much of the contemplated improvements had been completed before the suit was instituted to recover the moneys theretofore paid;[10] that subsequent thereto, the Dis-

---

[3] 58 App.D.C. 313, 30 F.2d 476, affirmed 281 U.S. 25, 50 S.Ct. 172, 74 L. Ed. 677.

[4] Valentine v. City of St. Paul, 34 Minn. 446, 26 N.W. 457, 458.

[5] McConville v. City of St. Paul, 75 Minn. 383, 77 N.W. 993, 994, 995, 43 L. R.A. 584, 74 Am.St.Rep. 508.

[6] City of San Antonio v. Peters, Tex. Civ.App., 40 S.W. 827.

[7] Bradford v. City of Chicago, 25 Ill. 411, reprint pages 349, 360.

[8] 281 U.S. 25, 50 S.Ct. 172, 74 L.Ed. 677.

[9] Id., 281 U.S. at page 32, 50 S.Ct. at page 174, 74 L.Ed. 677.

[10] 44th Street:

From Jenifer Street to a point 200 feet south, graded and surfaced in 1931;

From Harrison Street to a point 200 feet south of Jenifer Street, graded in 1932, surfaced in 1934;

Between Fessenden and Harrison

trict continued the work on the project, and in 1938 the appèllants, with full knowledge of the street developments,[11] paid in full the remainder of the assessments against their property; and that at the time of the trial all work had been completed.[12]

The District Court has found as a conclusion of law that there had been no abandonment and no intention to abandon. The record supports and justifies its conclusion.

Affirmed.

Streets, grading completed by February, 1932;

From Jenifer Street to Western Avenue, grading and surfacing completed on August 14, 1935.

Jenifer Street:

From Wisconsin Avenue to 44th Street, graded and surfaced in 1931.

Harrison Street:

From property line west of 44th Street to Wisconsin Avenue, graded and surfaced in 1932.

Garrison Street:

From 44th Street to Wisconsin Avenue, grading and surfacing begun October 29, 1935.

[11] Garrison Street:

From 44th Street to Wisconsin Avenue, completed prior to October 1, 1937.

44th Street:

Between Fessenden and Harrison Streets, surfaced sometime prior to January 30, 1936.

[12] 45th Street:

From Harrison Street to Western Avenue. The District Court found that the work was completed in 1935. In the record here, it would appear, this street was not opened or graded until October 1, 1937. Admittedly it had been completed prior to February 12, 1940.

Jenifer Street:

From 44th Street to Western Avenue, graded and surfaced in September, 1939.