## Joseph B. Woodruff, Appellee, v. City of Chicago, Appellant.

## Gen. No. 43,301.

Heard in the first division of this court for the first district at the December term, 1944.

Opinion filed October 15, 1945. Rehearing denied October 30, 1945. Released for publication October 30, 1945.

BARNET HODES, Corporation Counsel, for appellant; J. HERZL SEGAL, L. LOUIS KARTON and SYDNEY R. DREBIN, Assistant Corporation Counsel, of counsel.

CONCANNON, DILLON, SNOOK & ARTHUR, of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff's action, instituted June 5, 1937, is to recover moneys paid as special assessments levied in separate proceedings for the widening of Taylor street and south Jefferson street in Chicago. On trial before the court without a jury in 1944, judgment was entered for the plaintiff in the sum of $10,480.76, the amount of the special assessment paid by him for the widening of Taylor street, and judgment was rendered against the plaintiff and in favor of defendant on plaintiff's claim in the sum of $7,804.34, paid for the widening of Jefferson street. Defendant appeals from the judgment entered against it as to the Taylor street assessment. Plaintiff has filed a cross-appeal alleging error in the failure of the court to include interest in the judgment in respect to the Taylor street assessment, and in the entry of judgment denying recovery of the assessment in the Jefferson street proceeding.

Taylor street is an east and west street; Jefferson street runs north and south. In 1921 the defendant filed a petition to condemn 20 feet of the property on the south side of Taylor street from Halsted street on the west to Canal street on the east. In the same year proceedings were instituted to condemn 20 feet on each side of south Jefferson street between west Harrison street and west Roosevelt Road. Plaintiff's property is located on the northeast corner of Taylor street and Jefferson street within the termini of the proposed improvements. Final judgment confirming the revised assessment roll in the Taylor street proceeding was entered February 29, 1928, and payment of the assessment ($10,480.76) was made on June 14, 1928. Final judgment confirming the revised assessment roll in the Jefferson street proceeding was

entered March 3, 1927, and the total assessment ($7,-804.34) was paid September 20, 1927. During the pendency of the condemnation proceedings ordinances were passed for the paving of the respective streets, as widened, with granite paving blocks, and these ordinances were received in evidence in the condemnation proceedings. Subsequently, and because of the excessive cost, the ordinances were repealed and in 1929 new ordinances were enacted providing for the pavement of the respective streets, as widened, with asphalt on 8 inches of concrete, and special assessment proceedings based on the new ordinances were instituted. Judgment was entered in the Taylor street proceeding confirming the assessment for the paving; bids received, after proper advertising, were opened August 21, 1930; the lowest bid being approximately $31,000 more than the total of the assessments confirmed, all of the bids were rejected and no effort was ever made to procure new bids or to collect the assessments levied. All the property condemned on Taylor street was acquired and paid for by 1938; buildings thereon were removed but the 20-foot strip acquired was not made suitable for street purposes; in 1936 and 1937 defendant through a W. P. A. project resurfaced the old roadway of Taylor street; in 1940 defendant by ordinance designated Taylor street as widened as an arterial highway of the State of Illinois and allocated $100,000 from the motor fuel tax fund for paving the street; this allocation was approved by the State but plans for the paving were never completed and the paving has not been commenced.

██ Plaintiff's claim is based on a failure of consideration arising out of the alleged abandonment of the improvement of Taylor street necessary to make it suitable for use as a public thoroughfare. It is stated in his brief as follows: "We do not contend, and did not contend in the trial court, that the City abandoned the widening of Taylor street. . . .

Our contention is that the City has failed to improve the widened street and in that respect has failed to comply with the representations made by it in the condemnation proceeding that the street would be improved when widened.'' The cases relied upon by plaintiff are *Bradford v. City of Chicago*, 25 Ill. 349, 359; *District of Columbia v. Thompson*, 281 U. S. 25; 30 F. (2d) 476; *Valentine v. City of St. Paul*, 34 Minn. 446, 449; *Grimes v. Merced County*, 96 Cal. App. 76, 273 Pac. 839; and *City of San Antonio v. Walker* (Tex. Civ. App.), 56 S. W. 952, 953. In each of the cases cited recovery of assessments or special taxes paid was allowed. However, the facts in the present case do not bring it within the rule of these cases. In each case cited abandonment of the projects for which the assessments or taxes were levied was conceded and no claim of intention to proceed with the contemplated improvements was made by the municipality. In the *Bradford* case the assessment for the opening and extension of south La Salle street in the City of Chicago was held to be void on its face. No attempt was made by the city to procure another assessment, nor was any claim made of an intention to prosecute the work. In the *District of Columbia* case, where plaintiff recovered an assessment paid in a condemnation proceeding to acquire property for opening and extending a street, the auditor of the District, in response to a request for the return of the assessment, stated that it was never the intention of the District to open the street, ''because of the excessive grade.'' This position was adopted by the District on the trial of the case, which made no claim in its pleadings or proof that it desired or intended to make such extension at any future time. In the Court of Appeals and in the Supreme Court of the United States the *Bradford*, *Valentine* and *City of Antonio* cases, relied upon by plaintiff, were cited. In the *Valentine* case the plaintiff had paid an assessment levied against his prop-

erty in a proceeding to open and extend a street; subsequently the city was perpetually enjoined from appropriating a portion of the land sought to be condemned, and the improvement rendered impossible. In the *City of San Antonio* case plaintiff paid an assessment levied on his property as benefits under an ordinance providing for the widening of a street; the ordinance was later revoked and the city charter so amended that the original work could not be carried into effect, and the work therefore abandoned. The *District of Columbia* case and the cases cited therein were commented upon and distinguished in the case of *Boss v. District of Columbia,* 134 F. (2d) 14, where the court affirmed the trial court in holding as a conclusion of law that there had been no abandonment and no intention to abandon the extension of the street there involved. In the present case the city denies abandonment of the contemplated improvement of Taylor street as widened; it points to the general depression existing in 1930 and thereafter, reducing the value of assessment bonds and making impossible the procurement of bids for the paving of Taylor street, as widened, within the assessments confirmed for such paving or at a reasonable price; to its efforts as late as 1940 to effect the pavement with funds from the motor fuel taxes of the State after designation of the street as an arterial highway, and to inability to pave the street under war restrictions without priorities granted by the federal government. These facts negative an intention on the part of the defendant to abandon either the widening of the street or its improvement as widened. Intention is a necessary element of abandonment. *Burns v. Curran,* 275 Ill. 448; *Shirk v. City of Chicago,* 195 Ill. 298.

Defendant contended on oral argument that the remedy, if any, of the plaintiff for the failure of defendant to proceed with the improvement of the street as widened—the widening of the street not being aban-

doned—was an action for damages. Support of this position is found in plaintiff's argument that it was necessary for the defendant in the condemnation proceeding to show an intent to improve the street as widened, where he says: "*Forest Preserve District v. Eckhoff et al.*, 372 Ill. 391, is one of many cases under the Eminent Domain Act, holding that when a part of a tract of land is taken and the owner claims damages to the part not taken, the petitioner may show in the condemnation proceeding on the question of damages the manner in which it intends to improve the land which it is taking, and that, if it thereafter fails to so improve the land taken, it becomes liable in damages. It would seem that this rule is very similar to the rule in condemnation cases under the Local Improvement Act." As stated above, plaintiff's contention is ". . . . that the City has failed to improve the widened street and in that respect has failed to comply with the representations made by it in the condemnation proceeding that the street would be improved when widened." Plaintiff's action, if any—the project not being abandoned—must be for damages.

The facts with respect to Jefferson street are substantially the same, except that in 1942 the street as widened was fully paved and improved with money allocated from the motor fuel tax fund. Plaintiff insists that his action being one at law, a defense arising after the institution of the suit is unavailable. In the case of *Boss v. District of Columbia, supra,* where right to recover assessments was denied, defendant was permitted to show the completion of the improvement after the institution of the suit. Plaintiff's action is for money had and received, which is of an equitable nature. In equity matters arising subsequently to the institution of the suit are available under supplemental pleadings to plaintiff and defendant. In *People ex rel. Horejs v. Stedronsky,* 321 Ill. App. 310 (Abst.), a mandamus proceeding to compel pay-

ment of salaries of firemen and policemen of the Town of Cicero, where judgment was entered directing payment of salaries àccruing after institution of the suit, we said: "By section 39 of the Civil Practice Act (Ill. Rev. Stat. 1941, chap. 110, par. 163) supplemental pleadings, setting up matters which have arisen after the original pleadings have been filed, may be filed within a reasonable time by either party by leave of court and upon terms. This provision makes the general rules of chancery as to supplemental bills applicable to actions at law (McCaskill, Illinois Civil Practice Act Annotated, section 39), and therefore upon proper pleading permits judgments to be entered upon facts existing at the time of hearing of actions at law instead of at the time of the commencement of the suit, as under the former practice."

The judgment against the defendant for the amount of the Taylor street assessment is reversed and the judgment for defendant in respect to the Jefferson street assessment is affirmed.

*Judgment against defendant in re: Taylor street, reversed; judgment for defendant in re: Jefferson street, affirmed.*

Matchett, P. J., and O'Connor, J., concur.