Freda Goodman, Appellee, v. City of Chicago, Appellant.
Emma Weinheimer, Appellee, v. City of Chicago, Appellant.
Jane Maxwell, Appellee, v. City of Chicago, Appellant.
Edward F. Swift, Jr. et al., Appellees, v. City of Chicago, Appellant.
Margaret Collins, Appellee, v. City of Chicago, Appellant.
City of Chicago, Appellant, v. Emma Weinheimer et al., Surviving Executors of Last Will and Testament of Edward F. Swift, Deceased and Margaret Collins, Appellees.

Gen. Nos. 44,167, 44,185, 44,231, 44,236, 44,380, 44,381.

Opinion filed December 15, 1948. Released for publication January 5, 1949.

BENJAMIN S. ADAMOWSKI, Corporation Counsel of Chicago, for appellant; L. LOUIS KARTON, Head of Appeals and Review Division, HERMAN SMITH and LOUIS H. GEIMAN, Assistant Corporation Counsel, of counsel.

IRVING GOODMAN and HARRY HOFFMAN, both of Chicago, for appellees.

MR. JUSTICE KILEY delivered the opinion of the court. These are five actions to recover refunds of special assessments for a street improvement in Chicago and one action for a writ of *audita querela*. The trial court entered summary judgments for the plaintiffs in the special assessment actions and the City has appealed from each judgment. The City has also appealed from the judgment dismissing its complaint for a writ of *audita querela*. The six appeals have been consolidated in this court.

Plaintiffs are owners of real estate on the south side of Taylor Street between Canal and Halsted Streets in Chicago. The City, pursuant to a street widening ordinance in 1921, condemned 20 feet of the property on the south side of Taylor Street. The condemnation judgment was entered in 1927, and in 1928 judgment for awards to the property owners and assessments

against the property for benefits were confirmed. In 1924 an ordinance to pave Taylor Street was passed but later abandoned. Subsequently, another ordinance was passed for paving the street but bids for the work exceeded the estimated cost. No contract was made and the work was not done. The City expended the special assessment funds collected from the properties, plus $43,000 of other City funds, to acquire the 20 foot strip. This acquisition was completed in 1938.

Joseph Woodruff, an owner of the Taylor Street property, commenced suit to recover assessments paid by him for the Taylor Street improvement and for the widening of Jefferson Street in Chicago. He had judgment in the trial court for the Taylor Street assessment but judgment was against him for the Jefferson Street assessment. This court reversed the judgment in his favor for the Taylor Street assessment, and affirmed the Jefferson Street judgment. *Woodruff v. City of Chicago,* 326 Ill. App. 577. The Supreme Court reversed the judgment of this court as to Taylor Street and affirmed the Jefferson Street judgment. (394 Ill. 542.) The reports of those cases may be referred to for a fuller statement of the case than we feel required to give in this opinion.

The Supreme Court judgment in the *Woodruff* case became final in November of 1946. The instant suits to recover assessments were filed between December 9, 1946 and March 7, 1947. They rested upon the decision in the *Woodruff* case. Plaintiffs claim that the Supreme Court's finding in the *Woodruff* case that the Taylor Street improvement had been abandoned by the City is binding in these cases, and that the City refused to return or use the assessments for the purposes of the improvement for which they were levied and collected and, accordingly, holds the funds as trustee.

Following the entry of the last summary judgment in the instant assessment cases, on October 30, 1947 the City filed its complaint for a writ of *audita querela* to satisfy the judgments. The ground of complaint was that since the judgments had been entered, Taylor Street had been widened, paved and the improvement completed. On plaintiffs' motion this complaint was stricken. The City elected to stand on the complaint and the complaint was dismissed.

The basic question is whether the counter affidavits of the City in the suits to recover assessments presented issues of fact on the element of abandonment. If the finding in the *Woodruff case* is binding in the instant suits, there was no question of fact and the summary judgments were proper.

The facts in the *Woodruff case* were the improvement ordinance of 1921 and the condemnation proceedings thereunder; the special benefit assessments paid by Woodruff in 1928; the action of the City Council repealing the 1924 pavement ordinance; the passage of a new paving ordinance in 1927; the confirmation of the condemnation judgment in 1930; the taking of bids in August, 1930, which exceeded the estimates; the failure to collect assessments for the paving of Taylor Street; the designation of Taylor Street in 1940 as an arterial highway and the allocation of $100,000 from the Motor Fuel Tax Fund for the improvement; and the failure to use any of the fund or to prepare complete plans on which to let a contract for the work. The City defended on the ground that the improvement could not be carried out because of the economic depression and a City official testified that the City intended to complete the improvement when the opportune time came. The Supreme Court stated that the law contemplated reasonable dispatch in carrying out public improvements and that the economic depression was no excuse; that assessments

are recoverable when the improvement is abandoned; and that the lack of an effective paving ordinance and lack of a fixed time for making the improvement were unmistakable indications of a lack of "present intention" to do the work. It concluded that the Taylor Street improvement had been abandoned and that since the Jefferson Street improvement was completed during the pendency of this suit, there could not be a finding that that improvement had been abandoned.

The City's counter affidavit in the *Goodman case* was filed January 22, 1947. It set out in addition to the facts recited in the *Woodruff case* that during World War II, materials for the improvement were subject to priority and were not procurable; that December 17, 1946, the City Council passed an additional appropriation of Motor Fuel Tax Funds for paving Taylor Street; that plans and specifications had been submitted to the State Highway Department for approval; and that on January 10, 1947 the City Council authorized the taking of bids. The affidavit in the *Weinheimer case* was filed February 17, 1947. It contained substantially the foregoing facts and in addition the fact that on November 30, 1943, the War Production Board denied authority to the City to proceed with the improvement; that the Commissioner of Public Works had authorized publication of an advertisement for bids on February 15, 17, 18, 19 and 20, 1947; and that it was contemplated that the bids would be opened February 27. The counter affidavit in the *Maxwell case* was filed April 28, 1947. In addition to the foregoing facts it stated that the plans submitted to the State Highway Department had been approved, bids taken and a contract made with McDuffie, Brown & Brophy; that the contract calls for the completion of the improvement by November 1, 1947; and that the contractors' bond has been filed. The counter affidavit in the *Swift case* was filed June 2, 1947. In addition to the foregoing it, and an additional

affidavit, stated the additional facts that on May 20, 1947 the contractor had begun breaking vaulted sidewalks for the purpose of constructing retaining walls; and estimated that the street would be readied for paving about June 20 and would be completed November 1, 1947. In the *Collins case* a supplemental counter affidavit was filed by the City on October 3, 1947. In addition to the foregoing it stated the additional facts; that the paving had been completed and the roadway had been opened for traffic.

It is admitted in this court that the improvement was completed and open for traffic October 14, 1947. It is argued that this was after summary judgments were entered. The relation of the completion date to the judgment dates is unimportant. It is conceded that the special assessment proceeding for Taylor Street had been abandoned. The question is whether the counter affidavits raise triable issues of fact on the question of abandonment of the improvement.

We think that the counter affidavits removed these cases from the effect of the *Woodruff case*. There may be room for argument on the *Goodman case*. We cannot say, as a matter of law, however, that the intervention of the war, rendering materials unprocurable, was not an excusable delay, or that the additional appropriation of Motor Fuel Funds and the approval of specific plans by the State Highway Department authorizing the taking of bids did not indicate "a present intention" to go ahead with the work. In the *Woodruff case* the defense of excusable delay was based on economic factors and there were no complete plans prepared for the improvement upon which a contract could be let. We think that the Supreme Court might have taken a different view of the *Woodruff case* had these additional facts been present there. *Rudin v. King-Richardson Co.*, 276 Ill. App. 46.

Because the special assessment proceeding for paving was abandoned, it does not follow that the money collected for the widening was not used. The

City's affidavits stated that the fund collected had been used to acquire the property. Passage of time alone is not the test of abandonment of an improvement. This is clear from the cases cited by the plaintiffs. *Bradford v. City of Chicago,* 25 Ill. 411; *McConville v. City of St. Paul,* 75 Minn. 383, 77 N. W. 993; *Valentine v. City of St. Paul,* 34 Minn. 446, 26 N. W. 457; *City of San Antonio v. Peters,* 40 S. W. (Texas) 827; *District of Columbia v. Thompson,* 281 U. S. 25. Our view of the instant cases is not inconsistent with the views of the courts on the facts in the cases cited. Those cases are distinguishable from the instant cases for the reasons given in *Boss v. District of Columbia,* 134 Fed. (2d) 14.

It is not necessary for the City's affidavits to show actual work done under the contract, nor enough in itself for plaintiffs to allege that the street was in the same condition at judgment time as it was when the *Woodruff* case was decided. The City's affidavit in the *Collins* case stated that the work had commenced. It might be argued that we should take the same view as the Supreme Court of the delay prior to World War II. The answer is that the *Woodruff* case was filed before the war, whereas, here the delay caused by the war has intervened. In this connection the City points out that before the earliest of these cases had been filed in December 1946, plans for paving Taylor Street had been approved by the State Highway Department.

It is our conclusion that the City's counter affidavits presented triable issues of fact and that the summary judgments were unwarranted. Because of this opinion it follows that we should dismiss without prejudice the appeal from the judgment dismissing the complaint for the writ of *audita querela.*

Plaintiffs presented a conditional motion in their brief that, in the event we hold *Woodruff v. City* not controlling, we should transfer the cause to the

Supreme Court. We cannot transfer a cause after entering judgment.

■ Plaintiffs argue that, in any event, the judgment should be affirmed under section 13 of Article II of the Constitution of Illinois. We see no merit to this contention. Plaintiffs alleged they had not received just compensation for their property because the special assessment deducted from the awards had not been used for the purpose for which the assessment was levied. This allegation did not present a constitutional question, but a question of fact as to the use of the money. *Chapralis v. City of Chicago,* 389 Ill. 269. The trial court presumably found that the money had not been used for the proper purpose. We find that the court was in error in entering the summary judgments.

For the reasons given the summary judgments are reversed and the causes are remanded for a trial of the issues of fact raised by the counter affidavits of the City. The appeal from the judgment dismissing the complaint for writ of *audita querela* is dismissed, without prejudice.

*The appeal in 44381 is dismissed, without prejudice. Judgments in cases Nos. 44167, 44185, 44231, 44236 and 44380 are reversed and the causes remanded.*

BURKE, P. J., and LEWE, J., concur.